DODGE COUNTY MUTUAL INSURANCE COMPANY VS. ROGERS.

In an action upon a fire policy, the court refused to instruct the jury that any increase of the risk after the insurance was effected, by means within the control of the assured, rendered the policy void; the policy containing an express condition to that effect, and there being some evidence tending to show a breach of the condition:  *Held*, that the instruction should have been given.

Where the application for a fire policy contains a question to be answered by the applicant, as to the mode in which the building offered for insurance is to be occupied, and the agent of the insurance company is informed by the applicant of the intended mode of occupation, but fills out the application without inserting any answer to that question, the company, by issuing the policy without such answer, waives it, and cannot afterwards object to any use of the premises of which the agent was fairly notified.  *Otherwise*, where the agent has knowledge only that the building has been at some previous time used for a hazardous business, but does not know that it is being used in that manner at the time of the application, or that it is the custom or intention of the applicant so to use it.

ERROR to the Circuit Court for *Fond du Lac* County.

The *Dodge County Mutual Insurance Company* insured

VOL. XII—22

June Term,
1860.

DODGE COUNTY
MUT. INS. CO.
v.
ROGERS.

*Rogers* against loss by fire, upon a barn and its contents, for five years from the 18th of November, 1856. These having been destroyed by fire in July, 1858, and the company having refused to pay the loss, *Rogers* brought this action to recover the sum insured. Among the conditions annexed to and forming part of the policy, was the following: "If, after insurance effected, the risk shall be increased by any means whatever within the control of the assured, such insurance shall be void and of no effect." The defense set up in the answer was, among other things, that for about one year before the loss of the barn, and up to and at the time of the loss, it had been and was used by the plaintiff, without the knowledge or consent of the defendant, as a carpenter's shop, sleeping room, &c., and that the risk had been thereby greatly increased. On the trial the plaintiff, as a witness in his own behalf, testified as follows: "I cannot say that the barn was used as a sleeping room at the time of the application for the policy. It had been used for that purpose during the previous summer. I had lumber in the barn at the time the policy was applied for, both dressed and undressed. The barn, at and before the time of making the application, had been used for dressing lumber. There was a carpenter's work bench in the barn at the time the application for the policy was made. The agent, McKee, knew at the time the application was made, that the barn had been used for such purposes, for I told him of it, and he had seen the lumber stored in the barn. The application bears date the day it was made. I do not know that there was a carpenter at work in the barn on that day. I cannot say that there were any beds in the barn at that time. The application was made at Ripon, four miles from the barn." The application, as filled up, contained no answer to the question, how the barn was occupied. The plaintiff also introduced evidence of the insurance, loss, &c.

The defendant introduced evidence tending to prove the facts alleged in its answer.

Among the instructions to the jury asked for by the counsel for the defendant, and refused by the court, was the following: "Every increase of the risk after the insurance, with-

in the control of the insured, renders the policy void," to the refusal to give which, the defendant excepted. Verdict for the plaintiff, and judgment accordingly.

*Ware & Miner*, for the plaintiff in error, contended that the instruction refused was merely a reiteration of one of the conditions of the policy, and should have been given.

*Crane & Runals*, for the defendant in error, cited in support of the refusal of the court to give such instruction, 8 Conn., 458, and Harrison's Digest, 3492.

*By the Court*, PAINE, J. We shall not attempt to notice all the numerous exceptions taken by the plaintiff in error, as we think the judgment must be reversed for the refusal of the court to instruct the jury as requested, that " every increase of the risk after the insurance, within the control of the assured, rendered the policy void." This language can be fairly held to include only such an increase of the risk as was caused or permitted by the assured. And, so construed, there can be no doubt of its correctness as a legal proposition. Indeed, the policy itself contains an express provision to that effect.

It is claimed by the counsel for the defendant in error, that the barn had been previously used for dressing lumber, and for sleeping purposes, and that this was known to McKee, the agent of the company, who filled out the application; and that this being so, the company is precluded from raising any objections upon these grounds. There are, undoubtedly, cases which support the position that where facts relative to the condition of the property are stated to the agent, or are known to him, and he fills out the application, without stating them, the company cannot avoid the policy by reason of their not being stated. But we cannot see that this principle can be so applied as to cure the error here. For the plaintiff himself, who is the only one who testified on the point, did not say that the barn was used as a carpenter's shop at the time the application was made, or as a sleeping-room, but that it had been used for dressing lumber the season before, and that this was known to McKee. Now it does not follow that an agent, know-

*Margin notes:*
June Term, 1860.

DODGE COUNTY MUT. INS. CO.
v.
ROGERS.

July 30.

June Term,
1860.

MILWAUKEE &
NORTHERN ILL.
R. R. Co.
v.
FIELD.

ing that the premises have been previously used for more hazardous purposes than they are then used for, is to assume necessarily that the owner intends thereafter to use them for such purposes. And it does not appear here that the fact was communicated to McKee in such language as informed him that it was a habit or a custom of the owner to use the barn for those purposes, and from which he might infer an intention to continue such use. We cannot say, therefore, that it sufficiently appears from the evidence presented here, that McKee was so informed of those facts as to make the company responsible for his neglect to state them in the application. This question should have been submitted to the jury, whether the agent was fully informed by the plaintiff of his intention to use the barn as a carpenter's shop, and as a sleeping-room, during the life of the policy. If he was, he having filled out the application, and having inserted no answer to the question as to how the premises were occupied, it may well be said that the company, by issuing the policy without such answer, waived it, and could not afterwards object to any use of the premises of which the agent was fairly notified.

But if the jury should find that the agent had no notice of the intention to use the barn for the purposes mentioned, and that it was not actually so used at the time of the application, then the question would be, whether the plaintiff had subsequently occupied it for those purposes, and if so, whether that increased the risk. And they should have been instructed that if these facts were found in the affirmative, it would avoid the policy.

But as the court refused this instruction, the judgment must be reversed, with costs, and a new trial awarded.