## SIMERAL v. THE DUBUQUE MUTUAL FIRE INSURANCE COMPANY.

1. **Insurance:** NOTICE OF ARTICLES OF INCORPORATION AND BY-LAWS.    The policy issued by a Mutual Insurance Company referred to the articles of incorporation and by-laws which were attached thereto; the insurance also made the assured a member of the company. *Held,* that the assured was charged with knowledge of the provisions thereof.

2. —— PERSONAL CONTRACT NOT ASSIGNABLE. The general rule is, that a contract of insurance is a personal contract *with the assured,* and the policy does not pass so as to continue the liability of the company, to an assignee or purchaser of the property insured, unless by the consent of the underwriters, or the properly authorized officer or board of the association.

3. **Practice:** JUDGMENT ON DEMURRER. When the answer set up a complete defense to the action, and the plaintiff demurred thereto, and upon the same being overruled, abided thereby and refused to plead over, it was held, that the court did not err in rendering judgment for the defendant without a trial upon the issues of fact.

*Appeal from Dubuque District Court.*

WEDNESDAY, APRIL 12.

PLAINTIFF sues upon a policy of date December 5, 1856, insuring certain personal property. The property was owned by James M. Simeral, and the insurance taken by him and in his name for six years. On the 3d of May, 1858, he assigned the policy to the present plaintiff. The loss occurred in July, 1860. To the action defendant pleads the following among other defenses: "Before the happening of the loss and damage complained of, the said James M. Simeral had alienated and sold said property insured without the knowledge and consent of the said defendant, and the grantee or alienee thereof within thirty days or at any other time did not have the policy of the defendant ratified and confirmed to her by the directors, nor did she give the security to defendant as required by the provisions of section 9 of the articles of incorporation of the defendant, and section 12 of the by-laws of the same." To this part of the answer there was a demurrer, which was overruled. Plaintiff stood by her demurrer, and the court thereupon, against her objection, rendered judgment in favor of defendant for full costs. Plaintiff appeals.

*Thomas M. Monroe* for the appellant.

*Bissell & Shiras* for the appellee.

WRIGHT, Ch. J. — The 9th section of the articles of incorporation declares: "That when any property insured by said corporation shall be alienated by sale or otherwise, the policy of said insurance may be surrendered to the directors of said company to be canceled; and upon such surrender, the assured shall be entitled to receive his

deposit note or notes upon the payment of his proportion of all assessments for losses and expenses that have accrued prior to such surrender; but the grantee or alienee having the policy assigned to him, may have the same ratified and confirmed to him for his own use and benefit upon application to the directors, and with their consent, within thirty days next after such alienation, or giving security to the satisfaction of said directors for such portion of the deposit or premium note or notes as shall remain unpaid; and by such ratification or confirmation such grantees or alienees shall be entitled to all the rights and privileges, and be subject to all the liabilities to which the original party, to whom the party issued, was entitled and subjected." The 12th by-law is based upon this section of the articles of incorporation, contain in substance the same provisions, and we need not, therefore, recite it. Under these provisions we are to determine whether the matter contained in defendant's answer (see statement), will preclude a recovery.

Appellant's argument is devoted mainly to the question of the assignability of this policy — a question which, it seems to us, if ruled in her favor, would leave the one made by the answer and demurrer still undecided. For, though assignable, either equitably, as a chose in action, or at law, under the general provisions of the statute (Rev., § 1798), or by the terms of the policy, it would by no means follow that the demurrer should have been sustained. From the answer, it appears that, before the loss, the assured sold the property covered by the insurance, without the knowledge of the company. The purchaser did not have the policy ratified and confirmed to her, in the method provided for in the conditions annexed to the policy, nor in other manner. And it is this transfer without knowledge — the absence of this ratification and contemplated action on

the part of directors—that defendant relies upon, and not the assignment of the policy.

To sustain the demurrer, it is suggested by appellant that the *policy* does not *refer* to the articles of incorporation and by-laws, and that she is not, therefore, to be affected by anything therein contained. We do not so read the policy. The articles and by-laws are attached to the policy. The assured, by the terms of the policy, undertook to pay and meet "assessments made *pursuant to the articles of association and by-laws*," and the company promised, "*according to the provisions of said articles*," &c., to "settle and pay," &c. Aside from these considerations, however, this policy was issued by a "Mutual Insurance Company;" and the assured, becoming a member by virtue of his insurance, was bound to know the articles of association and the by-laws thereof. Not only so, but the charter and rules, being thus referred to in the policy, are to be taken as a part of the contract, in the same manner as if introduced into the body of the instrument. Angell on F. & L. Ins., §§ 10, 146; *Susquehanna Insurance Company* v. *Perrine*, 7 W. & S., 348; *Liscom* v. *Boston Mutual Company*, 9 Metc., 205.

Plaintiff being bound, therefore, by the charter and regulations annexed to and forming a part of the policy, can she recover, being the owner of the property at the time of the loss, and the holder of the policy by assignment? It seems to us most clearly not, under the facts stated in the answer.

An obvious thought in relation to companies of this character is, that they should have the power of determining who should be admitted as members, and whose property they will insure. The *character* of the assured, it is manifest, may be an important consideration. Not only so, but the general rule is, that an insurance against fire is a *personal* contract *with the*

1. INSURANCE: notice of articles of incorporation and by-laws.

2. —— personal contract not assignable.

*assured;* and the policy does not pass so as to continue the liability of the company to an assignee or purchaser of the property insured, unless by the consent of the underwriters or the properly authorized officers or board of the association. Angell on Ins., § 193; *Lane* v. *Maine Mutual Insurance Co.*, 3 Fairf., 44; *Wilson* v. *Hill*, 3 Metc., 66; 2 Am. Lead. Cas., 464–613; *Granger* v. *Howard Insurance Co.*, 5 Wend., 200; *Macomber* v. *Cambridge Mutual Fire Insurance Co.*, 8 Cush., 133; *Ayres* v. *Hartford Insurance Company*, 17 Iowa, 176; *Neely* v. *Onondaga Company*, 7 Hill, 49.

The articles of incorporation now under consideration recognize the right of the company to determine who shall become members thereof, and clearly indicate that the assured cannot, at *his* option, transfer the policy and property, and thereby transfer the liability of the company, to his assignee and alienee. A method is pointed out, by which the alienation may be ratified, and the purchaser entitled to all the rights and privileges and subject to the liabilities of the party originally assured. This is the method adopted by the company for its own protection, and these provisions plaintiff could not disregard. By complying with them, she would have obtained a new and original promise from the company, and thereby secured a valid insurance. But the contract, in effect (one of indemnity *with the owner*), was at an end when the property was sold, and could not be revived or become available to the alienee without ratification or confirmation, as contemplated by the charter. There is no pretense of waiver, or anything of that kind, on the part of the company; and we need not, therefore, consider the effect thereof. The demurrer admits the facts as stated in the answer; and as these facts would preclude a recovery, it was properly overruled.

II. Appellant claims, in the second place, that the court erred in rendering *final* judgment on overruling the

3. PRACTICE: demurrer. As plaintiff "stood upon her demur-
judgment rer," and as the defense interposed (admitted to
upon de-
murrer. be true) was a bar to her recovery, there was no
error in the order made. In such a case, the "same con-
sequences ensue as though a verdict had passed against
plaintiff." (Rev., § 3086.) The parties presented an "issue
of law." This was decided adverse to plaintiff. She says,
I stand by the issue as thus made; I do not propose to
plead over nor ask the trial of the facts by a jury; I admit
that, if the law is against me on the admitted facts, I cannot
recover. And when the court had determined this issue,
and the plaintiff adhered to her demurrer, a judgment fol-
lowed as properly as though the facts had been found by a
jury or the court.

Affirmed.