FULLER and others vs. THE MADISON MUTUAL INSURANCE COMPANY.

FIRE INSURANCE. (1) *What constitutes the contract.* (2) *When insured chargeable with notice of insurer's by-laws and modes of business.* (3) *Condition requiring notice to company of additional incumbrances, valid.*

1. The written application for insurance against fire, and the acceptance thereof, do not constitute the contract of insurance, to the exclusion of the policy; but if the application is accepted otherwise than by the policy, such application and acceptance constitute an inchoate and executory contract, which is executed and completed by the policy.

2. One who had been previously insured in the defendant company made application for the insurance here relied upon, paid the premium, and received a policy such as the company was in the habit of issuing in its usual course of business. *Held*, that he was chargeable with notice of the company's by-laws and routine of business; his application was, in effect, for such a policy as he received; and he is bound by its conditions, though he never read it, and does not understand the English language, in which it is expressed.

3. A condition in a fire insurance policy avoiding it in case the property insured shall be subject to additional incumbrances, without notice to the insurer, *held* reasonable and valid.

APPEAL from the Circuit Court for *Dane* County.

The plaintiffs brought an action in the municipal court of the city of Madison against one John Deters, and issued garnishee process against the defendant company, to which the latter appeared and answered, denying their liability. Judgment having been obtained against Deters, the garnishee action was afterward tried, and judgment entered in favor of the plaintiffs. From this the defendant company appealed to the circuit court for Dane county.

Upon trial in the latter court, a jury was waived, and a stipulation filed containing the following agreed state of facts, viz:

" 1. Defendant issued the policy of insurance No. 24379,

dated November 24, 1870 ; policy and application to be offered in evidence.

" 2. The application was written by the agent of the company, from statements made to him by Deters, the insured ; and at that time there was a mortgage of one thousand dollars on the real estate on which the insured property was situated, which is stated in the application, and which is still unpaid.

" 3. Part of the insured property, to an amount greater than plaintiff's claim, has been destroyed by fire; and Deters is indebted to plaintiffs to the amount of their claim.

" 4. Since said application was made, Deters has executed two mortgages of the land on which said insured property was situate : one to John Elver for a span of horses purchased of him and borrowed money, amounting to $300 ; and one to Mr. Albright, who had indorsed a note given by Deters for lumber which went into the buildings on said farm, for the amount of $250. Neither the company nor the agent had any knowledge or notice of the execution of these two mortgages. There is also a chattel mortgage upon personal property upon said farm, of about $200. The whole value of said farm exceeds the amount of the mortgages thereon. Deters was not at the time of making the application, and is not, able to read printing or writing in the English language, but was not ignorant of the contents of said application.

" 5. Due notice and proof of loss were given and furnished the company.

" 6. Deters has waived, in behalf of the plaintiffs, his right of exemption, if any he had, on account of the barn destroyed being on his homestead, and other property being exempt from execution, saving to defendant all objections to the legal effect of such waiver, or his right to make it.

" 7. All of the conditions in said policy were printed in ' nonpareil ' type. Deters will testify that he had not, in fact, read his policy, and did not, in fact, know that it contained the condition which, it is claimed, avoids it; but this stipulation

shall not be construed to release him from the legal presumption of knowledge of its contents which arises from retaining possession of said policy for about two years before the fire, and from having been previously insured in said company, and sustaining loss of his dwelling house, and receiving pay therefor."

The policy of insurance, which was read in evidence, contained the following among other conditions : "And provided further, that * * * if the property hereby insured shall become incumbered or additionally incumbered after the application shall have been made and subscribed, without due notice thereof to the company, then this insurance shall be void and of no effect."

The court found the facts as agreed in the foregoing stipulation, and held that the policy was void for the reason that Deters had made additional incumbrances upon the property after the application was made and subscribed, without giving notice thereof to the company ; that the company was therefore not indebted to Deters at the time of service of the garnishee process upon it; and that the judgment against it should be reversed.

Judgment having been entered in accordance with these conclusions, plaintiffs appealed.

*Sloan, Stevens & Morris*, for appellants : ·

It is an elementary principle, that in order to make a contract the minds of both parties must meet and agree upon its terms. It is plain that Deters never agreed to the proviso respecting additional incumbrances and that it never became a part of the contract of insurance. The application contains the full terms of the agreement for insurance, and with this Deters made himself familiar. The company were bound to issue a policy in accordance with those terms ; and to palm off upon him a policy containing other and different conditions, of which he was uninformed and to which he never assented, was a fraud upon him, and such conditions are inoperative and void. *Fal-*

*vey v. Northern Transp. Co.*, 15 Wis., 129 ; *Boorman v. Am. Ex. Co.*, 21 id., 154; *Strohn v. Det. & Mil. R'y Co.*, id., 560 ; May on Insurance, p. 41, § 43, and p. 42, § 45; 1 Phill. Ins., 13 ; *Franklin Ins. Co. v. Hewitt*, 3 B. Mon. (Ky.), 239 ; *Ins. Co. v. Slaughter*, 12 Wall., 404.

*B. E. Hutchinson*, for respondents, argued that there was a broad distinction between a member of a mutual insurance company and the holders of stock policies, the former being himself an insurer, making the regulations which bind himself, and being chargeable with knowledge of what those regula-tions are (51 Pa. St., 402 ; 18 Iowa, 425 ; Flanders on Fire Ins., 18, 135) ; and that the contract and resulting liability of an in-surance company were not like those of a common carrier, the latter being required to serve all upon an implied contract the terms of which were varied only by express stipulation, while the former could contract with whom it chose, and upon such terms and conditions as it might see fit to impose, provided they were not contrary to law or public policy.  To the latter proposition he cited the following cases, in which a breach of conditions analogous to the one in the case at bar has been held fatal to a recovery by the assured: 3 Hill, 161 ; *Dodge Co. Mut. Ins. Co v. Rogers*, 12 Wis., 337 ; *Wustum v. Ins. Co.*, 15 id., 138 ; *Warner v. Ins. Co.*, 14 id., 318 ; *Blakeley v. Ins. Co.*, 20 id., 205 ; 27 id., 693 ; *Keeler v. Ins. Co.*, 16 id., 523 ; *Troy Fire Ins. Co. v. Carpenter*, 4 id., 20 ; *Connell v. Ins. Co.*, 18 id., 407 ; Flanders on Fire Ins., 404 ; *Edmands v. Ins. Co.*, 1 Allen, 311; 3 id., 362 ; 2 Bennett's Ins. Cases, 475 ; *Shepherd v. Ins. Co.*, 38 N. H., 232 ; 51 Me., 69 ; *Abbott v. Ins. Co.*, 30 id., 414. He further argued that the question of *materiality* did not arise in these cases, but, where the language of the contract is clear and unequivocal, it is to be construed strictly (29 Conn., 374; 1 Kern., 532) ; that the condition against additional incum-brances was not unusual, but one inserted in all insurance pol-icies for years, and one with which insurance companies could not dispense ; that such a condition was so universal that all

persons would be presumed to have knowledge of it, and especially Deters, who had accepted his policy and retained it for two years previous to the loss, and who had previously held a similar policy in the same company, under which he had sustained a loss and received a payment. *Pierce v. Travelers' Ins. Co.*, 34 Wis., 389.

RYAN, C. J. The position of the learned counsel for the appellants, that Deters' application for insurance, accepted by the respondent, constitutes the binding contract of insurance between the parties to it, exclusive of the policy, appears to us wholly untenable. The application is, in effect, for insurance by policy, and the premium note is in terms in consideration of a policy. If the application were accepted, otherwise than by the policy, then the application and acceptance constituted an inchoate and executory contract executed and completed by the policy. Angell on Ins., § 22; May on Ins., §§ 44, 159, 168; *Kohner v. Ins. Co.*, 1 Wash., 93; *McCulloch v. Ins. Co.*, 1 Pick., 278; *Perkins v. Ins. Co.*, 4 Cow., 645; *Lightbody v. Ins. Co.*, 23 Wend., 18; *N. E. Ins. Co. v. Robinson*, 25 Ind., 536; *Taylor v. Ins. Co.*, 9 How., 390; *Ætna Ins. Co. v. Iron Co.*, 21 Wis., 458; *S. C.*, 26 id., 78. We cannot see the application of *Falvey v. Transportation Co.*, 15 Wis., 129.

The application was for such a policy as the respondent was in the habit of issuing in the usual course of business. Deters had been previously insured in the same mutual company, and is chargeable with notice of its by-laws and routine of business. Angell, § 146; *Mitchell v. Ins. Co.*, 51 Pa. St., 402; *Simeral v. Ins. Co.*, 18 Iowa, 319; *Coles v. Ins. Co.*, id., 425. Having made his application, paid his premium, and accepted his policy, he is bound by it.

There is no pretense that he was overreached or deceived; otherwise than in the fact that he could not and did not read the policy. That was his own negligence. His want of knowledge of English is no excuse. Had he desired to understand

the policy in detail, he could and presumably would have had it translated to him by some competent person. But, like many who can read English, he neglected to make himself acquainted with the terms and conditions of the policy on which he slept so long. And he cannot be heard to complain that his ignorance misled him.

We are not disposed to quarrel with the criticism of counsel on some captious conditions of modern fire policies. *Ins. Co. v. Slaughter*, 12 Wallace, 404. But we cannot regard the proviso of this policy now in question as being of a censurable character. It is little to say that the very general habit of insurance against fire has led to great carelessness. The destruction of property by fire, and the consequent loss to the commonwealth, have been probably increased largely by insurance. It is the interest of insurance companies, as it is public policy, that the assured shall largely share the risk with the insurer. And to that end it is important, not only that the insurer should know the amount of incumbrance on property when insured, but should have notice of subsequent incumbrances. See *Columbian Ins. Co. v. Lawrence*, 2 Peters, 25; *Hinman v. Ins. Co.*, ante, 159. Hence the proviso in question, that if the property insured should be additionally incumbered, without notice to the respondent, the insurance should be void.

If Deters knew of the proviso, his subsequent mortgages, without notice to the respondent, operated as a voluntary abandonment of his insurance. If he did not know of it, it was a disregard of the terms of the contract, in voluntary and negligent ignorance of its effect, which avoided his insurance. That is the effect of the subsequent incumbrances, without notice, under such a policy. *Edwards v. Ins. Co.*, 1 Allen, 311; *Brown v. Ins. Co.*, 41 Pa. St., 187; *Penn. Ins. Co. v. Gottsman*, 48 id., 151; *Dodge Co. Ins. Co. v. Rogers*, 12 Wis., 337; *Wustum v. Ins. Co.*, 15 id., 138; *Keeler v. Ins. Co.*, 16 id., 523.

*By the Court.* — The judgment of the court below is affirmed.