THE PLANO MANUFACTURING COMPANY, Respondent, vs. BERG-MANN, Appellant.

*January 12 — January 31, 1899.*

*Fraud: Confidential relations: Burden of proof: Sale of chattels: Special verdict: Instructions to jury: Evidence: Immaterial errors.*

1. Proof that the agent with whom the defendant contracted for the purchase of a harvester was a man with whom the defendant had traded for years and in whose integrity and business standing

he had confidence, is not sufficient to raise a presumption of a confidential relation, which would shift the burden of proof as to fraud in the transaction from the defendant to the plaintiff.

2. Instructions to the effect that a party who procures the execution by another of a contract by fraud and misrepresentation cannot then bar a defense thereto, on the ground that the other party has been ignorant or negligent, are *held* to have been properly refused as inapplicable to any of the questions submitted for a special verdict, although they might have been proper and applicable had there been a general verdict; and they were rendered wholly immaterial by a finding of the jury that the contract in suit was not so procured.

3. A finding in a special verdict that the agent of the vendor of a binder agreed that if on trial it did not suit the vendee he might return it without notice, is not inconsistent with a finding that the agent did not mislead the vendee as to the contents of a written order signed by the latter, by the terms of which written notice and an opportunity to remedy defects were to be given before the binder could be returned.

4. An error in not permitting a witness to be fully cross-examined is cured by permitting an exhaustive cross-examination on the same subjects when he reappeared in rebuttal.

5. In an action upon a written contract for the sale of a binder the court properly sustained an objection to a question, asked of the purchaser, as to what the bargain was; and such ruling was not a refusal to permit the purchaser to testify as to representations made to him by the vendor's agent before and at the time the contract was signed.

APPEAL from a judgment of the county court of Dodge county: C. A. CHRISTIANSEN, Judge. *Affirmed.*

The defendant signed a written order for a harvester, containing a warranty of material and workmanship, and providing that, if the machine did not work well, he should give written notice to the plaintiff, at Chicago, stating wherein it failed, and allow reasonable time to remedy the alleged defect, and that, if the machine could not be made to do the work, it should be returned to the agent and a new machine given in its place, or, in the option of the seller, purchase price refunded. The machine was not sat-

isfactory to the defendant, but he gave no written notice, though he did inform the agent at Hustisford, who made an effort to operate the machine (as to the success of which the evidence is conflicting), whereupon the defendant returned the machine to the agent, and refused to pay for it. Claim was made by the defendant that he was misled as to the terms of the written agreement, which, being in English, he was unable to read. The jury, by special verdict, found that the agreement was read and fairly explained to him by the agent, and that the purchase was not induced by any misrepresentation of the agent; that the machine satisfied the warranty; that the defendant failed to comply with the terms thereof, in not giving written notice as there required and not allowing the seller reasonable time to get to the machine and remedy its defects; and that he did not give the machine a fair trial. They also found, in answer to the fifth question, that the defendant and plaintiff's agent agreed that, if the binder on trial did not suit the defendant, he might return it without further notice. Plaintiff recovered judgment, from which this appeal is taken. Several errors are assigned, which are stated in the opinion.

*M. L. Lueck,* for the appellant.

*Daniel H. Grady,* for the respondent.

DODGE, J. The errors principally relied on by the appellant are, *first,* that the court instructed the jury that the burden of proof was on the defendant to show misrepresentations or fraud in inducing him to enter into the contract; *second,* that the court erred in refusing to instruct the jury that, if the plaintiff procured the making of the written contract by fraud or misrepresentation, it would be no defense that the defendant did not exercise due care and intelligence to inform himself as to its contents; *thirdly,* the refusal to set aside the verdict for the reason that the same was inconsistent.

The Plano Mfg. Co. vs. Bergmann.

1. The rule that one who alleges misrepresentation or fraud bears the burden of proof is too well established to need discussion. Indeed, the appellant concedes it generally, but seeks to invoke the exception that, where a relationship of trust and confidence is established, the burden then shifts to the other party. No such case is here shown by the evidence, however, which merely discloses that the agent was a hardware and machinery dealer, with whom the defendant had traded for many years, and in whose integrity and business standing he had confidence. It appears that they met on the ordinary basis of buyer and seller of farm machinery. From such relations as these no inference can be drawn of that trust or confidence which constitutes this exception.

2. The instructions requested by the fifth and sixth assignments of error are to the effect that a party who procures the execution by another of a contract by fraud and misrepresentation cannot then bar a defense thereto, on the ground that the other party has been ignorant or negligent. Such instructions might have been proper and applicable in the event of a general verdict, but they had no application to any of the questions submitted by the special verdict. Further than this, they were rendered wholly immaterial by the finding of the jury that the hypothesis of fraud or misrepresentation in procuring the written instrument had no existence in this case.

3. The answer to the fifth question is not, as urged by the defendant, inconsistent with the rest of the verdict. That question, answered in the affirmative, is: "Did the defendant and the plaintiff's agent Zilisch agree that if the binder, upon trial thereof, did not suit the defendant, he might return it without notice?" The rest of the verdict merely negatives the claim that that agent misled the defendant as to the contents of the written instrument signed by him, and is not necessarily inconsistent with the making of such

an agreement as the fifth question contemplates.    Such an agreement might have been made before the execution of the writing, and still the plaintiff might have signed the latter with full knowledge of its contents; or, if made after the writing, it would still be consistent with a full understanding of the paper at the time it was signed.    It appears, however, that the only evidence offered by the defendant of any such agreement rather tends to establish an individual promise on the part of the agent personally, and not for his principal, the plaintiff, that the machine might be returned to him, and should be his, if not satisfactory to defendant; and the jury might well have understood the fifth question as applying to such promise.    The verdict of a jury, when sustained by the trial court, is entitled to the most favorable construction warranted by the record.

The other assignments of error hardly need notice.    The instructions objected to in the third and fourth assignments were correct, the question whether the plaintiff's agent had in fact misrepresented the terms of the written agreement, having been properly submitted to the jury.    *Fuller v. Madison Mut. Ins. Co.* 36 Wis. 599; *Pettyplace v. Groton B. & Mfg. Co.* 103 Mich. 155.

The error, if there was any, in refusing cross-examination of the plaintiff's witness Zilisch when first upon the stand, was fully cured by permitting an exhaustive cross-examination upon the same subjects when he reappeared in rebuttal.

The court did not, as asserted in the eighth assignment of error, refuse to permit the defendant to testify as to representations made to him by the plaintiff's agent at and before signing the contract.    The objection sustained at the place indicated was to a question, " What was the *bargain* which you had with Mr. Zilisch in regard to that binder ? "— clearly objectionable, as calling for oral testimony of an agreement which had been reduced to writing.

Equally incorrect is the assertion of the ninth assignment

of error that the court refused to permit the defendant to testify as to whether or not he *relied* upon the statements made him by the plaintiff's agent. It appears that the objection sustained was to allowing defendant to testify as to what *he thought.* That being withdrawn, he was allowed to testify that he did depend and rely upon the statements of the agent.

No other errors were insisted on in argument, and we find none.

*By the Court.*— Judgment affirmed.

BARDEEN, J., took no part.