JOHANNA BENES, Plaintiff in Error, vs. SUPREME LODGE KNIGHTS AND LADIES OF HONOR, Defendant in Error.

*Opinion filed December 17, 1907.*

1. BENEFIT SOCIETIES—*members of a benefit society are conclusively presumed to know its laws.* Members of a benefit society are conclusively presumed to know the laws of such society which enter into and form a part of the contract of insurance.

2. SAME—*when benefit society is not estopped to plead suicide by-law.* The facts that a suicide by-law adopted by the supreme lodge of a benefit society and in force at the time plaintiff's intestate became a member was not contained in the printed copy of the society's constitution and by-laws furnished to such member before he joined the local lodge, and that the other members of the local lodge did not know of the existence of such by-law, do not estop the supreme lodge from pleading the by-law in defense to a suit on the certificate of the member who died by his own hand.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. AXEL CHYTRAUS, Judge, presiding.

Johanna Benes, plaintiff in error, brought suit in assumpsit in the superior court of Cook county, to the January term, 1905, against the Supreme Lodge Knights and Ladies of Honor, a corporation, defendant in error, to recover an amount alleged to be due her upon a benefit certificate issued by said corporation. To the third replication to the plea defendant interposed a general and special demurrer, which was overruled by the court. Leave was then obtained by plaintiff to withdraw the first and second replications, and defendant having elected to abide its demurrer, judgment was rendered against it for the sum of $1046.76. From the judgment of the superior court defendant prayed an appeal to the Appellate Court for the First District, and upon a hearing in that court the judgment was reversed and the

cause remanded. Thereafter, upon the motion of plaintiff, the judgment of the Appellate Court was vacated. Plaintiff then admitted of record in the Appellate Court that she could interpose no facts to the plea other than those set up by the third replication, and moved that court to enter a final judgment in the cause upon said demurrer. Thereupon the Appellate Court, being of the opinion that the facts stated by the third replication were not, in law, an answer to the plea, reversed the judgment of the superior court and rendered final judgment in the cause in favor of the defendant and against the plaintiff, and she brings the record to this court by writ of error.

The first count of the declaration alleges that defendant was and is a corporation organized under the laws of the State of Indiana, doing business in the State of Illinois as a fraternal benefit society, and as such, on November 25, 1904, executed and delivered a benefit certificate to one John Benes, the husband of plaintiff, who was then a member of Lodge Svatopluk No. 1108, one of the lodges of said defendant; that it was provided in said certificate that upon the condition that the statements made by said John Benes in his application for membership and his answers to questions in his statement to the medical examiner were true, and on condition that said Benes should strictly comply with all laws, rules and requirements relating to the relief fund, together with the laws in general of the Knights and Ladies of Honor then in force or that should thereafter be enacted by said order, the said defendant undertook and promised to pay the wife of said Benes $1000 upon his death; that said Benes departed this life on May 28, 1905, and that the statements made by him in his application for membership and the answers to questions in his statement to the medical examiner were true, and that while a participant in the relief fund he complied with all laws, rules and requirements relating to said fund, together with all laws in general of the Knights and Ladies of Honor then in force or thereafter

enacted by said order; that defendant, although often re-
quested, has not paid to plaintiff the sum of $1000. In the
second count, which is substantially the same as the first,
the benefit certificate is set out.

The only plea filed avers that defendant was on Novem-
ber 25, 1904, and for many years prior thereto, and still is,
a fraternal mutual benefit society organized for the purpose
of furnishing pecuniary benefits to beneficiaries of deceased
members; that at the time of the issuing of said supposed
benefit certificate, and for many years prior thereto and from
thence hitherto, the defendant association has been governed
and regulated by laws, rules and regulations adopted by its
supreme lodge; that during the month of September, 1903,
and before the issuing or delivering of said supposed benefit
certificate, the said supreme lodge, at its September session,
1903, among other laws, rules and regulations then adopted
for the government of defendant and for the regulation of
the collection and disbursement of its relief fund and the
payment of benefit certificates, enacted a law which is sub-
stantially as follows: "If any member of the order whose
relief fund certificate bears date after this section goes into
effect, shall, within five years after becoming a member, die
by his or her own hand, whether at the time of the act sane
or insane, the relief fund certificate of such member shall
become null and void and the payment of no part of the sum
named therein shall be made." The plea further avers that
the aforesaid law was in full force and effect on May 28,
1905, the date of the death of said Benes, and at the time
of the issuing of said benefit certificate, and has been from
thence hitherto, and avers that said John Benes died by his
own hand, and died by hanging himself by the neck; that
the date of the death of said Benes was within five years
after becoming a member of the said association and within
five years after the date of said benefit certificate.

The third replication filed by plaintiff to the plea avers
that prior to making application for membership in the said

order, said Benes, for the purpose of informing himself as to the laws of said order, asked the officers of the Svatopluk lodge, a subordinate lodge of the order, for a copy of the constitution and by-laws of said order, and that thereupon the officers of said lodge delivered to said Benes a printed document which they represented to be a copy of the constitution and by-laws then governing said order and the fraternal insurance therein provided for; that said Benes, relying upon the said constitution and by-laws as being the complete constitution and by-laws of said order then in force, and upon the belief that said copy contained all of the laws of said order and all the rules and regulations relative to and in any way affecting the payment of said fraternal insurance therein provided for, made application for membership in and joined said order; that the members of said subordinate lodge are Bohemians and that the Bohemian language is used in the transaction of the business of said lodge; that the defendant caused to be printed copies of its constitution and by-laws which had been adopted by it, in the Bohemian language, which were issued to the subordinate lodge and distributed among its members for their instruction and for the government of the members of said lodge, a copy of which was given to Benes by the officers of said lodge upon his application for membership. The replication further avers that the copies of said constitution and by-laws so delivered to said lodge did not contain the law set out in the plea or any similar law relating to or affecting the payment of said fraternal insurance, and that no such law was ever issued to said subordinate lodge or otherwise made known to its members; that neither Benes nor the other members of said subordinate lodge were cognizant of the passage of the said law, and that at the time he joined the said order, up until the time of his death, he was wholly ignorant of the same, and that his ignorance was caused by and he was misled and misinformed by the copy of the constitution and by-laws so delivered to him.

It is argued by plaintiff in error that the Appellate Court erred in reversing the judgment of the superior court and in rendering final judgment against her.

CHARLES D. LUSK, (DEWITT C. JONES, of counsel,) for plaintiff in error.

ASHCRAFT & ASHCRAFT, (EDWIN M. ASHCRAFT, of counsel,) for defendant in error.

Mr. JUSTICE SCOTT delivered the opinion of the court:

The laws adopted by defendant in error fixing the rights and obligations of its members were a part of the contract made with John Benes. Under those laws there could be no recovery in this case for the reason that the insured took his own life. Plaintiff in error contends that the association is estopped to interpose this provision of its laws as a defense by reason of facts averred by her replication, to the effect that prior to the time when Benes made application for membership in the order he applied to the officers of the subordinate lodge of which he afterward became a member for a copy of the constitution and by-laws of defendant in error, and that these officers gave to him a document which purported to be, and which they represented to be, a printed copy of the constitution and by-laws of defendant in error; that the defendant in error had caused the pamphlet to be printed and issued to subordinate lodges and distributed among the members thereof for the purpose of acquainting them with the constitution and by-laws and with all the laws, rules and regulations of the order; that, relying upon the printed copy so furnished him as containing all the laws of the order, Benes made application and became a member of the subordinate lodge, and neither he nor any other member of the lodge which he joined knew of the existence of any law of the order other than such as were contained in the said printed copy, and that there was

therein no law, rule or regulation from which it appeared that suicide by a member would under any circumstance bar a recovery upon his benefit certificate.

Persons belonging to a mutual benefit association, or a fraternal beneficiary society, as it is denominated by our statute, are conclusively presumed to know what the provisions of the laws adopted by the association are, where such laws are a part of the contract of insurance. Such an association is founded upon the mutual rights and obligations of all its members, and if a beneficiary could be permitted to recover in a manner other than according to the written terms of the contract which those insured enter into, mutuality among the members would soon cease. At section 941 of Thompson on Corporations it is said: "All the members of the corporation or society are presumed, in law, to have notice of its by-laws. This is a legal presumption, conclusive in its nature, and, accordingly, direct proof of such notice is not required. A better statement of this rule is, that when a person becomes a member of a corporation or society he assumes the duty of knowing the internal laws of that society, and agrees to be governed by those laws, whether he knows them or not. If, therefore, an obligation arises against him under those laws, he can no more escape that obligation on the plea of ignorance than he can be heard to plead ignorance of the law of the land in order to escape a civil or criminal liability." In Bacon on Benefit Societies (3d ed. sec. 81,) the following language is used: "The by-laws of a society are binding upon all the members and all are conclusively presumed to know them." In May on Insurance (vol. 2, sec. 552,) the law is stated as follows: "When a party takes out a policy and the contract is complete he becomes a member and is bound by its rules and the provisions of the charter, which he is presumed to know. The records of the company are then his records, as evidence for or against him, and the doings of the officers within the scope of their authority are binding upon him." To

the same effect are the following authorities: Niblack on Benefit Societies, sec. 18; Bliss on Life Insurance, (2d ed.) p. 766; *Pfister* v. *Gerwig,* 122 Ind. 567; *Simeral* v. *Dubuque Mutual Fire Ins. Co.* 18 Iowa, 319; *Coles* v. *Iowa State Mutual Ins. Co.* 18 id. 425; *Treadway* v. *Hamilton Mutual Ins. Co.* 29 Conn. 68; *Loyd* v. *Modern Woodmen,* 113 Mo. App. 19.

It follows that the judgment of the Appellate Court is correct, and accordingly it will be affirmed.

*Judgment affirmed.*