## Johanna Pold, Plaintiff in Error, v. North American Union, Defendant in Error.

### Gen. No. 17,395.

1. FRATERNAL BENEFIT SOCIETIES—*validity of amendments to articles of association.* In an action on a certificate issued by defendant fraternal benefit society, plaintiff the beneficiary cannot object to amendments to the articles of association of the society on the ground that they were not properly referred to the subordinate councils where the evidence shows they were submitted to the subordinate councils and passed by a proper majority.

2. FRATERNAL BENEFIT SOCIETIES—*amendment to articles of association.* A benefit society organized under the Fraternal Beneficiary Society Act of 1893 has power, under the amendatory Act of 1895, to enact an amendment to its articles of association providing that, in case a member commits suicide, the beneficiary is only entitled to a sum equal to the total amount actually paid by such member.

3. FRATERNAL BENEFIT SOCIETIES—*where member in good standing commits suicide.* In an action on a benefit certificate, where the insured committed suicide, an amendment to the articles of association providing that the beneficiary may only recover what was paid in by the member is binding though passed after insured became a member and the fact that insured was a member in good standing is immaterial.

Pold v. North American Union, 180 Ill. App. 448.

Error to the Municipal Court of Chicago; the Hon. EDWARD A. DICKER, Judge, presiding. Heard in this court at the March term, 1911. Affirmed. Opinion filed May 26, 1913. Rehearing denied June 9, 1913.

GEORGE F. BARRETT and EDMUND S. CUMMINGS, for plaintiff in error.

R. E. HAMILTON, for defendant in error.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The plaintiff brought suit to recover as beneficiary on a certificate of membership issued to her husband, Robert Pold, in the sum of $4,000. The charter of the defendant was dated June 8, 1895, and it was organized as a fraternal beneficiary society under the Fraternal Beneficiary Society Act of Illinois of 1893. One of the objects of its organization, as stated in the articles of association, pursuant to said statute, was:

"3rd. To establish mortuary benefit fund from which shall be paid upon the death of a beneficiary member in good standing to the family, heirs, blood relations or affianced wife, or to persons dependent upon him, a mortuary benefit not to exceed the amount specified in the benefit certificate of the member."

Under the plan set forth in said articles to carry out the objects of its organization was the following:

"5th. Upon the death of a member in good standing there shall be paid to his beneficiary or beneficiaries the sum specified in his benefit certificate, and Subordinate Councils may provide such other assistance and relief for their members as shall be in consonance with the declared objects of the order and provided by the laws of the association."

Subsequent to the defendant's organization an amendatory Act of 1895 was passed, wherein it changed the language of the Act of 1893 in section 1 in part as follows: "and may make provisions for the payment of benefits in case of disability and death, or of either, resulting from either disease, accident or

old age of its members. * * * °All such societies shall be governed by this Act.''

The insured became a member of the defendant society in February, 1898. The certificate recited that it was ''upon condition that the said member complies in future with the laws, rules and regulations now governing the said North American Union, and the said Mortuary Fund and Reserve Fund thereof, or that may hereafter be enacted to govern the same, all of which said laws, rules and regulations are also made a part of this contract; and upon said member assenting to and complying with all the conditions herein provided, the North American Union hereby promises and binds itself to pay out of its Mortuary Fund to Johanna Pold, his wife, the sum of Four Thousand Dollars in accordance with and under the provisions of the laws governing said fund upon satisfactory proofs of the death of said member, and upon the surrender of this certificate provided that said member is in good standing in this association at the time of his death.'' And thereon was the insured's acceptance thereof as follows: ''I accept this certificate and agreement on the conditions herein above named and assent thereto and agree to comply therewith. Robert Pold.''

In 1903 the defendant society adopted or attempted to adopt certain amendments to its articles of association and its constitution. Among those it was claimed were adopted amending its articles of association, the article numbered 3 was purported to be amended to read as follows:

''Third. To establish and maintain a Mortuary Benefit Fund, from which shall be paid benefits in cases of disability or death, or either, resulting from disease, accident or old age of its members. Such payments to be subject in all cases to compliance by the member with the contract rules and laws of this order.''

And under the plan of organization the article num-

bered 5 was purported to be amended to read as follows:

"Fifth.    Upon the compliance by the member with the contract rules and laws of the order, benefits shall be paid to him or his beneficiaries, in the amount, and according to the provisions specified in his benefit certificate or policy of insurance, and the subordinate bodies of the order may provide such other assistance and relief to and for their members as shall be in consonance with the declared objects of the order, and provided for by the laws of the association."

On the defendant's organization it adopted a constitution, by-laws and also certain laws to govern it and carry out the purposes of its organization under its charter or articles of association.    In 1903 an amendment of one of its laws (Law 3) was adopted reading as follows:

"Sec. 6.    If a member shall die, by his own hand or act, either sane or insane, such death shall forfeit any and all rights and claims to the amount agreed to be paid on his death, and specified in the benefit certificate of such member and the beneficiary shall receive and be paid in lieu thereof, a sum equal to the total amount actually paid by such member to the Mortuary and Reserve Fund of the Order, unless it is otherwise provided in and by the benefit certificate of such member, issued prior to the taking effect of this section."

Section 4, Law 5, was as follows:

"In the event of the death of a member in good standing his beneficiary shall be entitled to receive the sum specified in his benefit certificate, less the amount paid to such member on account of Total or Permanent Disability, if any, and also provided, that in case of a member over seventy years of age at the date of his decease, who has drawn advance payments, as provided in Section 5 of Article VIII of the Constitution, the beneficiary shall be entitled to receive and be paid only the balance of said Mortuary benefit after deducting therefrom the sum total of such advance payments so made."

The insured committed suicide in 1908.    At the time

of his death all dues and assessments were paid and he was a member of the defendant society in good standing. The cause was submitted to the court, without a jury, and under section 6, law 3, the court found the issues for the plaintiff and assessed her damages at $336.72, the amount paid to the Mortuary and Reserve Fund, and entered judgment therefor. The plaintiff, claiming judgment should have been given her for $4,000, the amount named in the certificate, sued out this writ of error.

It is urged that the said amendments to the articles of association are invalid and not binding upon the plaintiff for two reasons. First, because the resolution referring the same to the subordinate councils to vote thereon provided for a reference to the said councils only of certain proposed amendments to the constitution. We think this point untenable for the reason that the said amendments to the articles of association were in fact submitted to the subordinate councils and out of 103 entitled to vote thereon, 92 voted, of which 90 voted for the first and 89 voted for the second of the said amendments. It is contended, secondly, that the said amendments are not valid because the defendant society had no rule providing for amendments to the articles of association, as provided by the statute, sec. 7½, par. 264a, page 1332, Hurd's Rev. Stat. 1909 (the Fraternal Beneficiary Society Act), wherein it recites that such societies "may change its articles of association in the manner prescribed by its own rules."

In the absence of a rule providing therefor, it would seem, under the reasoning in *Bastian v. Modern Woodmen*, 166 Ill. 595, and *Park v. Modern Woodmen*, 181 Ill. 214, in relation to the said section of the statute, that ordinarily this point would be held good. If this proposition be sustained, it is then argued that under the defendant's original charter it had no power to pass the said law in relation to suicide, and without that power the said suicide law would not bind the in-

sured and a recovery could be had for the amount specified on the face of the certificate. Whether the defendant had the power to pass the said law in relation to suicide under its original charter powers, we do not think it necessary to discuss. The argument on the question as to the legality of the said first amendment, article 3, of the articles of association, is made by both parties without notice of the amendatory Act of 1895. We are of the opinion that under the Act of 1893 and the express and positive language of the said amendatory Act of 1895, the said provision was thereafter, by virtue of the said acts, a part of the organic law of the defendant society without a formal adoption thereof. *Massachusetts Foresters v. Callahan,* 146 Mass. 391. If this be a correct view, the insured, becoming a member in 1898, was bound thereby. Bacon on Benefit Societies, vol. 1, sec. 48, says: "All persons having transactions with corporate bodies must not only notice the terms of their charters, but also all the general legislation of the State creating them, by which business with Corporations is affected."

The defendant society derived its corporate powers from the Act of 1893 and the amendatory Act of 1895 and its charter thereunder. We are of the opinion that its suicide law, section 6 of law 3, clearly comes within its charter powers and under the contract, a portion of which is above quoted, is binding on the insured. *Peterson v. Gibson,* 191 Ill. 365; *Benes v. Knights & Ladies of Honor,* 231 Ill. 134.

It is also contended that the plaintiff is entitled to recover the amount on the face of the certificate because by the articles of association, both before and after the second amendment heretofore quoted, and under section 4, law 5, it was agreed that the defendant would pay the beneficiary the sum of $4,000 on the death of the insured in good standing, and at the time of the insured's death he was in good standing. That the insured did not lose his good standing by his act of suicide, the plaintiff relies upon *Royal Circle v.*

*Achterrath,* 204 Ill. 549; *Mutual Protective League v. McKee,* 122 Ill. App. 376, and *Seymour v. Mutual Protective League,* 155 Ill. App. 21. While the authorities mentioned sustain the argument that the insured was ·in good standing at the time of his death, we ·do not think that the conclusion that therefore there can be a recovery is sound. The answer to the argument is given in *Royal Circle v. Achterrath, supra,* wherein the court say: "The act of suicide works a forfeiture of the certificate, not because the member is thereby deprived of his good standing in the order at the time of his death, but because, aside from all questions of good standing, it is especially provided that suicide in and of itself shall defeat a recovery." We also think this a sufficient answer to the argument that the law in relation to payment in case of death while in good standing is inconsistent with the law on suicide, and the one favoring the insured should in such case be adopted.

The judgment is affirmed.

*Affirmed.*