SAM O. POPE ET AL., APPELLEES, v. ROYAL HIGHLANDERS ET AL., APPELLANTS.

FILED NOVEMBER 3, 1917.    No. 19637.

1. Insurance: CONTRACT: CONSTRUCTION. In a fraternal mutual benefit insurance association, the application for membership, the certificate of insurance and the by-laws of the society constitute the contract between the insured and the society, and all are to ᵇe construed together, and, considered with other evidence in the case, to determine the rights of the respective parties.

2. ———: MUTUAL BENEFIT ASSOCIATION: MEMBERSHIP. Where a person voluntarily becomes a member of such association, he thereby assents to and is bound by the laws under which his membership is acquired.

3. ———: ———: RECOVERY OF PREMIUMS: PLEADING. A plea by such member of ignorance of such laws will be of no avail, where he attempts to recover premiums paid while engaged in an occupation prohibited by the laws of the society and collected by the society without knowledge that the member was so engaged.

4. ———: ———: ———. Where a by-law of such association pro-
vided that "a member being engaged as a saloon-keeper * * *
shall exclude him from membership, annul his certificate and void
all his rights as a member," and the certificate provided that if
the insured should be expelled, or be or thereafter become a
saloon-keeper, his certificate should immediately become void,
and that all moneys paid, and all rights and benefits, if any,
"which may have accrued on account of this certificate, shall be
absolutely forfeited to the fraternity;" in such case the insured can-
not recover premiums paid that were received by the society with-
out knowledge on its part that the insured was engaged in the
prohibited occupation.

APPEAL from the district court for Douglas county:
WILLIS G. SEARS, JUDGE. *Reversed.*

*Hainer & Craft,* for appellants.

*Fred W. Anheuser* and *C. F. Connolly, contra.*

DEAN, J.

This action was commenced to recover $160.04 paid by
plaintiff Sam O. Pope to defendants, as premiums on a
fraternal beneficiary insurance certificate issued to him
on July 29, 1908, by the Royal Highlanders. On July
7, 1908, the insured signed an application for member-
ship, in which he stated, among other things, that he was
a laborer, and that, if he should thereafter engage in an
occupation prohibited by the society, his rights and those
of his beneficiary to participate in the benefit funds of
the society should thereupon cease, and the applicant,
without notice, would stand suspended as a member, and
that thereafter any payment of dues or monthly pay-
ments by him or any receipt for such moneys issued by
any officer or member of the tributary castle to which he
belonged or of the executive castle should not be binding
on the fraternity. The certificate provides that if the in-
sured should be expelled, or be or thereafter become a
saloon-keeper, his certificate should become immediately
void, and that all moneys paid and all rights and bene-
fits, if any, "which may have accrued on account of this
certificate shall be absolutely forfeited to the fraternity."
A by-law or edict of the society provides: "That a mem-

ber being engaged as a saloon-keeper, or in the manufacture or sale of intoxicating liquors, shall exclude him from membership, .annul his certificate and void all his rights as a member."

The application, the certificate and the edicts are in evidence, and together they constitute the contract between the insured and the parent society.

In their brief plaintiffs concede that Mr. Pope "engaged in the saloon business on the 1st day of January, 1910, in which business he remained until after he was formally expelled from the lodge * * * December 29, 1913." In oral argument it was also conceded by plaintiffs that all dues paid after the society discovered that the insured was a saloon-keeper were repaid to . him. Plaintiffs argue that the certificate was void from the time that the insured became a saloon-keeper, and therefore the premiums paid thereafter should be repaid to him because, the policy being void, there was no consideration for the payments. They also contend, as an additional reason for recovery, that the insured testified he did not know until shortly before the suit was commenced that his engagement in the prohibited occupation made his certificate void. We do not find in the record any evidence of concealment from the insured of the conditions of his contract. From his testimony he appears to be a man of intelligence and conversant with business affairs. He voluntarily became a member of the order, and thereby assented to all the conditions of the contract in pursuance of which the certificate was issued, and he is therefore bound by its rules. In the absence of fraud or concealment he is presumed to know the conditions of his contract. Such is the general rule, and we find no reason for making an exception in the present case. The expulsion of the insured and the cancelation of his certificate seem to have been in conformity with the contract between the parties, and was not unlawful.

The weight of authority and the better reasoning seems to be against plaintiffs' contention. On the subject of mutual benefit insurance it is said in 29 Cyc. 103: "If

a member is suspended or expelled his previous payments of dues or assessments cannot be recovered back, unless the suspension or expulsion is unlawful, in which case such payments are recoverable."

It is the rule in this jurisdiction that if the insured member of a fraternal mutual benefit insurance society dies while engaged in an occupation that is prohibited by its laws, and the fact that he was so engaged was unknown to the society until after his death, and was not waived by the society, his beneficiary cannot recover on the policy, for the sufficient reason that the contract provides that in such case there shall be no recovery. *Modern Woodmen of America v. Colman*, 68 Neb. 660. It would be a strange and illogical process of reasoning that would lead to the conclusion that, while a beneficiary in such case could not recover on the policy, the insured in his lifetime might have recovered the premiums that he paid on the policy. A different situation would be presented if it were shown that the society had, or was charged with, knowledge that Mr. Pope was engaged in a prohibited occupation, and notwithstanding that knowledge it accepted and retained premiums paid by him, thereby waiving the forfeiture. *Susquehanna Ins. Co. v. Perrine*, 7 Watts & Serg. (Pa.) 348; *Knights of Columbus v. Burroughs' Beneficiary*, 107 Va. 671; *United Moderns v. Rathbun*, 104 Va. 736; *Modern Woodmen of America v. Breckenridge*, 75 Kan. 373; *L'Union St. Jean Baptiste v. Ostiguy*, 25 R. I. 478; *Simeral v. Dubuque Mutual Fire Ins. Co.*, 18 Ia. 319; *Modern Woodmen of America v. Berry*, 100 Neb. 820.

Defendants argue that there is a misjoinder of parties plaintiff and defendant; but, in view of our disposition of the case, we do not find it necessary to determine the questions submitted on that feature.

The motion of defendants for a directed verdict should have been sustained. The case is reversed and remanded for further proceedings in accordance with law.

REVERSED.

SEDGWICK, J., not sitting.