Lazo N. Peyovich, Appellee, v. Workmen's Sick and Death Benefit Fund of the United States of America, Appellant.

Opinion filed
June 1, 1928.

E. M. SPILLER, for appellant.

RAY D. HENSON and D. L. DUTY, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is an action of assumpsit by appellee against appellant on a benefit certificate issued to him on March 25, 1926. The certificate recites that it, together with the charter, by-laws and application for membership signed by appellee, should constitute the agreement which, by its terms, became effective April 1, 1926. After trial before a jury, a verdict for $900 in favor of appellee was rendered. Motion for a new trial was overruled, and judgment entered on the verdict.

The declaration consisted of a special count alleging that appellant issued the benefit certificate whereby it insured the life and health of appellee, and promised to pay, in the event of sickness of appellee, at the rate of $15 per week for the first period of 40 weeks and $7.50 per week for the balance of the time of appellee's illness, until the aggregate sum of $900 should be paid. The declaration further avers that appellee became sick March 26, 1926, and continued thereafter to remain sick, and that the full amount of $900 was due; that

appellant had due notice thereof, and that appellee had pursued all the remedies offered a member in the courts of appellant. The common counts were filed with the special count.

Appellant filed a plea of nonassumpsit, and a stipulation was entered into between the parties, whereby it was agreed that the case should be tried on the pleadings filed, and that appellant on the trial might rely upon any and all defenses that could be legally interposed in the case by any and all special pleas, or other pleadings which might be specially pleaded, and that both parties might introduce any and all evidence under any and all pleadings, and that appellant might rely upon any and all defenses that might or could be legally interposed in said cause by any and all special pleas or other pleadings, which might or could be specially pleaded.

Appellee testified that in February, 1926, he made application to appellant, at West Frankfort, for the benefit certificate in question; that he was examined by Dr. Alberts; that he was a Servian by birth; that he had resided in the United States 14 years; that he could converse in and understand but could not read or write the English language; that the chairman of the local lodge of appellant filled out his application when the questions were first read to the witness by him; that he answered "Yes" in response to the question as to whether he had ever been rejected by any other similar organization, and claims that he was told by the chairman to say "No" in response to the question, and he admitted that he did finally answer "No"; that he paid the necessary fees for joining the lodge; that on April 18, 1926, in response to a letter received on April 13, 1926, he attended a lodge meeting, because there was a charge made against him that he had been rejected by a Slavish lodge in Chicago; that at this meeting he told the committee of the lodge, who were hearing the complaint of the secretary about his

falsifying his answers to certain questions in the application, that he had told the chairman that he had been rejected by the Slavish lodge; that he stayed until the meeting of the committee was adjourned; that he left West Frankfort on the afternoon of April 19, 1926, to go to New Mexico on the advice of Dr. Alberts; that he became ill March 19, 1926, was confined to his home for a few days, went to New Mexico on April 19, 1926, for the purpose of regaining his health, and remained there about a year, unable during all the time to work at his trade on account of the illness of his lungs; that, while in New Mexico, he received a written notice, dated April 29, 1926, advising him that he had been expelled from the lodge by the action of the local Branch Executive Board, and that, if he desired to appeal this decision to the branch meeting, to be held May 16, 1926, the appeal should be in the hands of the secretary at least three days before the meeting to be held May 16, 1926.

Dr. Alberts testified in behalf of appellee that he was the local examining physician for appellant; that he examined, medically, appellee for admission to the appellant's local lodge; that later he was called by appellee, when he became ill in March, 1926; that appellee then had a hemorrhage, which came from the nose or throat; that he kept blanks upon which to make reports of sickness.

Appellee and Dr. Alberts were the only witnesses who testified for appellee, and there was admitted in evidence, on behalf of appellee, the benefit certificate, charter, by-laws, and constitution of the lodge, as pleaded in the declaration.

The witnesses for appellant consisted of the chairman, secretary and treasurer of the local lodge of appellant, who constituted what was known as the Branch Executive Board, who, in the first instance, under the rules of the lodge, had jurisdiction to expel a member, when at the time of his admission he made false state-

ments or did not truthfully answer the questions contained in the application blank.

These witnesses testified, in substance, that at a regular meeting of the lodge held on February 21, 1926, appellee was present, and the chairman read to him the entire application and all the questions thereon; that question No. 12, reading, as follows: "Have you ever been rejected as an applicant for membership by any other benefit society or life insurance company," was asked of appellee and he replied, "No."

Appellee declared, by the questions contained in the application, that his application was true and correct, and pledged himself not to claim any benefit or to commence any lawsuit against the society, if it should be proven his answers were untrue, or if he should be expelled from the society for violation of its laws; that after the benefit certificate had been issued, information was received by the secretary that appellee's answers to the questions were false; that, pursuant to the laws of appellant, the secretary preferred charges against appellee for making these untruthful answers; that due notice was given to appellee of such charges, and, after a hearing before the Branch Executive Board, on April 18, 1926, at which appellee was present, the board adjourned to April 19, 1926, and then rendered its decision expelling appellee from membership in the society, of which decision appellee was duly notified by letter within ten days, and was then advised that he had a right to appeal from the action of the Branch Executive Board to the branch meeting of the lodge to be held on May 16, 1926, provided the appeal was made by appellee within three days before the meeting to be held on May 16, 1926.

Appellee did not attempt to file any appeal with the local branch at any time prior to commencing the present suit; that he never filed with the local branch a physician's certificate with reference to his illness and inability to work, which was required of him by the

provisions of the by-laws; that the by-laws required members, who were ill and unable to work, to furnish a certificate of a physician recognized by the local or national board, and that no member should be entitled to sick benefits prior to the time of furnishing the physician's certificate.

Appellant contends that the evidence shows that appellee was legally expelled from the local branch; that he did not prosecute any appeal, as provided for in the society's by-laws; that his expulsion became final and his certificate was void at the time of the commencement of his suit.

In *Benes v. Supreme Lodge Knights and Ladies of Honor,* 231 Ill. 134 (139), it is said:

"Persons belonging to a mutual benefit association, or a fraternal beneficiary society, as it is denominated by our statute, are conclusively presumed to know what the provisions of the laws adopted by the association are, where such laws are a part of the contract of insurance. Such an association is founded upon the mutual rights and obligations of all its members, and if a beneficiary could be permitted to recover in a manner other than according to the written terms of the contract which those insured enter into, mutuality among the members would soon cease."

To the same effect is the case of *Noel v. Modern Woodmen of America,* 61 Ill. App. 597 (599), where the court, in an opinion by Justice Cartwright, said:

"One of the conditions of the contract sued on was that if the member holding the certificate should be expelled from his local camp, which was the local branch of the order, the certificate should be null and void and all moneys paid and all rights and benefits accrued should be absolutely forfeited. The defense made at the trial was that plaintiff's husband had been so expelled for being a * * * saloon bartender, and for drunkenness. * * * The proceeding which resulted in the expulsion was quasi judicial in

its character, and if the local camp, which under the by-laws of the order constituted the court, had acquired jurisdiction, its judgment pronounced in good faith was binding. * * * Unless set aside by a direct proceeding for that purpose, such a judgment is of undoubted validity.''

Applying the principles of the above authorities and cases cited therein, it is clear that appellee is not entitled to maintain his suit, because, by reason of his misrepresentations and acts and the subsequent action of the local branch board, he was not a member of the society at the time of the commencement of his suit, and had forfeited all his rights therein.

From the record there can be no serious doubt the constitution and by-laws plainly provided for a trial where charges were preferred against a member; that a lawful board was constituted to try such member, and that its decisions should be final if not appealed from in the manner provided by the society's laws. Sufficient legal charges were made against appellee, which, if true, would warrant his expulsion. Expulsion did follow after a hearing at which appellee was present and participated. Appellee did not appeal to the higher authorities named in the by-laws, although given ample opportunity to do so, and the decision of the branch board thereby became final. Becoming final by reason of appellee's failure to prosecute the remedies, which he assumed when he became a member, he cannot now complain that his negligent failure to pursue his right of appeal nullified his certificate, and precludes him from recovering thereon in the courts.

Counsel for appellee contend that appellant is not entitled to claim this defense in this suit, because of failure of appellant to file a plea in abatement, but we are of the opinion that the stipulation was broad enough to permit this defense; and this question is

now raised for the first time in this court, and was not urged in the trial court.

If appellee, at the time of the commencement of his suit, had forfeited his rights under the certificate issued to him, then such was an absolute defense, which could be raised by special plea or by evidence offered pursuant to a stipulation which waived any special pleadings on the part of the defendant.

It is also urged by appellee that appellant, by its acts, waived the right to forfeit appellee's certificate, and that it misled appellee, and prevented him from ascertaining his rights. The claim is also made that Dr. Alberts, the lodge's local physician, and the officers told appellee to go to New Mexico, and that appellee would be taken care of. We have given careful consideration to this claim, and are of the opinion that the evidence does not sustain appellee in these claims, but, on the contrary, the preponderance of the evidence shows that appellant acted in good faith toward appellee in all of its transactions and proceedings.

The further contention is made by appellant that appellee was not entitled to recover sick benefits until appellee furnished a physician's certificate as to his illness, as required by the by-laws of the lodge. The by-laws made it obligatory upon appellee to furnish a physician's certificate of sickness as a condition precedent before he would be entitled to sick benefits from the lodge, and, in the absence of any evidence, which would warrant a waiver of this requirement, we are of the opinion that this provision was not complied with. The burden of proof was upon appellee to show facts and circumstances, which excuse his performance of this duty required of him, and the record does not disclose that appellant by its conduct waived this requirement.

We are of the opinion that appellee failed to comply with the terms of the contract set out in his declara-

tion, and accordingly, for the reasons herein set forth, the judgment of the county court is reversed.

*Reversed with finding of facts.*

The clerk will incorporate in the judgment the following finding of facts: The court finds that appellee failed to comply with the terms of the contract set out in his declaration; that he had no valid contract with appellant at the time of the commencement of his suit.