JEREMIAH QUILL, Respondent, *v.* THE EMPIRE STATE TELE-
PHONE AND TELEGRAPH COMPANY, Appellant.

NEGLIGENCE — COMPANY OWNING TELEPHONE POLE NOT RESPONSIBLE
FOR INJURY FROM INSULATOR, NOT FURNISHED BY IT, FALLING FROM
CROSSARM IN EXCLUSIVE POSSESSION OF ANOTHER COMPANY. A com-
pany owning a telephone pole is not responsible for an injury to a trav-
eler in the street, caused by the falling, through the act of a stranger
in changing the position of a wire, of an insecure insulator, not fur-
nished by it, from a pin on a crossarm of its pole, which crossarm, with
the pins thereon, was in good condition and in the exclusive possession
of another company, to which it had been turned over.

*Quill* v. *Empire State Tel. & Tel. Co.*, 92 Hun, 539, reversed.

(Argued March 21, 1899; decided April 18, 1899.)

APPEAL from a judgment of the late General Term of the
Supreme Court in the fifth judicial department, entered Jan-
uary 17, 1896, affirming a judgment in favor of plaintiff
entered upon a verdict, and an order denying a motion for a
new trial.

This action was brought to recover damages for personal
injuries alleged to have been caused by the negligence of
defendant.

The facts, so far as material, are stated in the opinion.

*Frederic E. Storke* for appellant. There was no proof of
negligence as against defendant. (*Jacobski* v. *G. R. & I. R.
Co.*, 106 Mich. 440 ; *Gorham* v. *Vil. of Cooperstown*, 59 N.

1

Y. 660 ; *Lane* v. *Town of Hancock*, 142 N. Y. 510 ; *Mahon*
v. *Burns*, 68 N. Y. S. R. 161 ; S. & R. on Neg. [5th ed.]
§ 56 ; *Baulec* v. *N. Y. & H. R. R. Co.*, 59 N. Y. 356 ; *Searles*
v. *M. R. Co.*, 101 N. Y. 661 ; *Taylor* v. *City of Yonkers*,
105 N. Y. 202 ; *Dobbins* v. *Brown*, 119 N. Y. 188 ; *De Vau*
v. *P. & N. Y. C. & R. R. Co.*, 130 N. Y. 632 ; *Grant* v.
*P. & N. Y. C. & R. R. Co.*, 133 N. Y. 657.) The sole
proximate cause of the accident was the act of Hulbert in
lifting the insulator from its pin and permitting it to fall into
the street. (*Lowery* v. *W. U. T. Co.*, 60 N. Y. 198 ; Mayne
on Dam. 26 ; Whart. on Neg. § 134 ; Cooley on Torts [2d
ed.], 76 ; S. & R. on Neg. [5th ed.] §§ 26, 32 ; Addison on
Torts, § 10 ; *Crane* v. *Petrie*, 6 Hill, 522 ; *Purcell* v. *S. P.
R. Co.*, 48 Minn. 134 ; *Burch* v. *Carter*, 32 N. J. 552 ; *Mars*
v. *D. & H. C. Co.*, 54 Hun, 625 ; *Hexamer* v. *Webb*, 101 N.
Y. 377 ; *Hubbell* v. *City of Yonkers*, 104 N. Y. 434 ; *Ker-
rigan* v. *Hart*, 40 Hun, 389 ; *Henry* v. *St. L., K. C. & N.
Ry. Co.*, 76 Mo. 288.) Defendant was not responsible for the
negligence of the Western Union Telegraph Company.
(*Wyllie* v. *Palmer*, 137 N. Y. 248 ; *Hexamer* v. *Webb*, 101
N. Y. 377 ; Leavitt on Neg. 490, § 16 ; *Mahon* v. *Burns*, 68
N. Y. S. R. 161 ; *Stevens* v. *Armstrong*, 6 N. Y. 435 ; *Spencer*
v. *McManns*, 63 N. Y. S. R. 500 ; *McCullogh* v. *Shoneman*,
105 Penn. St. 169 ; *Holmes* v. *U. T. & T. Co.*, 41 N. Y. S. R.
767.)

*E. C. Aiken* for respondent. The action in and of itself
gave a presumption of negligence. (*Kearney* v. *L., etc., R.
R. Co.*, L. R. [6 Q. B.] 759 ; *Byrne* v. *Boodle*, 2 H. & C.
722 ; *Mullen* v. *St. John*, 57 N. Y. 567 ; *Lyons* v. *Rosenthal*,
11 Hun, 46 ; *Cahalin* v. *Cochran*, 1 N. Y. S. R. 583 ; *Clare*
v. *Nat. C. Bank*, 1 Sweeny, 542 ; *Morris* v. *Strobel & Wilkin.
Co.*, 81 Hun, 1 ; *Hogan* v. *M. R. Co.*, 149 N. Y. 23 ; *Goll* v.
*M. R. Co.*, 125 N. Y. 714 ; *Volkmar* v. *M. R. Co.*, 134 N.
Y. 418.) The court correctly charged that where a party sus-
tains an injury from the concurring negligence of several, he
may recover therefor against all or either of them. (*Chapman*

v. N. H. R. R. Co., 19 N. Y. 341; Colegrove v. N. Y. & N. H. R. R. Co., 20 N. Y. 492; Gupasko v. Mayor, etc., 12 Daly, 183; Gardner v. Friederich, 25 App. Div. 521; Carterville v. Cook, 129 Ill. 152.) The defendant is liable for the condition of the pole and the crossarms, pins and insulators upon it. (Lynch v. N. Y. C. & H. R. R. R. R. Co., 8 App. Div. 458; R. R. Co. v. Barron, 5 Wall. 90; McElroy v. N. & L. R. R. Co., 4 Cush. 400; S. & R. on Neg. [4th ed.] § 413; Reynolds v. Van Beuren, 155 N. Y. 120; Milford v. Holbrook, 9 Allen, 17; Shipley v. Associates, 101 Mass. 251; Gray v. B. G. L. Co., 114 Mass. 149; Khrom v. Brock, 144 Mass. 516.) No questions are presented on this appeal save exceptions to admissions of evidence or to the charge to the jury. (Niendorff v. M. R. Co., 150 N. Y. 276; Szuchy v. H. C. & I. Co., 150 N. Y. 219.)

PARKER, Ch. J. The plaintiff, while standing on the south side of a telephone pole belonging to this defendant, and under the end of the lower crossarm, was struck by a glass insulator that, in an attempt to change the position of a telegraph wire, was thrown from the pin upon which it had been placed. The taut wire, as it was being raised, caught under the insulator and lifted it from the pin. The person who raised the wire was not in the employ of the defendant nor connected with it in any way. He was an employee of the city of Auburn, who discovered that there was some difficulty with the wires and went up the pole of his own motion for the purpose of remedying it. For the injuries that the plaintiff suffered he succeeded in obtaining a judgment against the defendant, predicated necessarily upon the ground that the defendant failed to perform some duty that it owed to the traveling public, of which the plaintiff was one. It is very difficult to point out the act claimed to constitute an omission of duty. Indeed, without an ingenious use of authority, which seems sometimes to be resorted to to prove what is obviously untrue, the task would scarcely be undertaken by any one.

The facts are not in controversy, and a statement of them will, I think, support the assertion made. It is true that the defendant was the owner of the pole, which was in height ninety-six feet, in circumference at the base six feet, and had upon it twenty crossarms, each of which was ten feet in length and bore ten pins; the bottom crossarm, from which the insulator fell, was forty-seven feet from the ground. Now, while this was the defendant's pole, it did not make use of all of the arms. The two uppermost arms were occupied by the American Telephone and Telegraph Company; the thirteen arms immediately below were used by this defendant; the succeeding four arms below had no wires on whatever; the twentieth, and last arm, was used exclusively by the Western Union Telegraph Company, and it was from this arm that the insulator fell. It seems that when this large pole was being erected for the use of the defendant, the manager of the Western Union Telegraph Company complained that the effect of it would be to interfere with his company's use of a pole near by that carried the wires of that company, and thereupon he was told that as soon as defendant's pole was up, the Western Union Company could either put on a cross-arm or use the bottom crossarm that the defendant had put on, as defendant would have no use for it. This settlement of the difficulty was accepted, and immediately after the erection of the pole the Western Union Company took possession of the lower crossarm and exclusively used it from that time on until after the happening of the accident. It is not pretended that the defendant exercised any authority over this arm, or claimed the right to exercise any, or could have done so if it chose after the arrangement between it and the Western Union Telegraph Company. The evidence shows that it agreed with the Western Union Telegraph Company either to permit it to put on an arm of its own or make use of the defendant's lower arm, but it is no where suggested that it agreed to furnish glass insulators or that it did furnish them. The only evidence that I am able to find bearing upon the question as to whether there was an insulator on the arm when the

Western Union took possession of it, tends to show that there was none. It consists, first, of the agreement, which was that such company should have the use of the lower arm simply, and, second, of the testimony of Robert Lunney, that "there never has been a telephone fixture upon the bottom arm since I have known about the company." The evidence does not, therefore, permit a finding that the glass insulators were upon the pins and were turned over to the possession of the Western Union Telegraph Company with the arm.

The situation then, so far as this defendant is concerned, is this: It turned over to another company the use of a part of its property, consisting of an arm of a telephone pole and the pins thereon, all of which were and still are in perfect condition; the Western Union Telegraph Company took possession of the pole, strung seven or eight wires thereon, and thereafter continued in the exclusive occupation of it down to the 27th of June, 1891, when an employee of the city government, having no relation whatever to any of the corporations owning or using the pole, went upon it for the purpose of making some temporary alteration in the position of the wires, and in attempting to do so lifted directly upwards a wire that rested against one of the pins, and which caught under the glass insulator, raised it up from the pin and threw it to the ground. The defendant is certainly not responsible, under this evidence, on the ground that it turned over to the Western Union Company the insulator thrown off, for it did not furnish it. Nor is it responsible for every act done or omitted on the lower arm of the pole, simply because it owns it. The neglect, if any there was, on the part of either the owner or occupant of the pole, was that of the Western Union Company in omitting to catch the insulator on the thread of the pin, and for its omission of duty the owner is not responsible.

If there were any doubt about that question before the decision of the court in *Holmes* v. *Union T. & T. Co.* (41 N. Y. S. R. 767), affirmed in this court on opinion below (139 N. Y. 651), there has been none since that decision in this state. In that case the defendant's poles were also used

to string wires of a local company for messenger service ; a heavy fall of rain and snow so weighted the wires that some of them were broken and fell to the sidewalk ; the outcome was an injury to the plaintiff in that action, but it could not with certainty be told whether the wire into which the plaintiff's feet became entangled, and which caused him to fall, was the wire of the defendant or the wire of the messenger service company ; the jury being charged that the defendant was obliged to take care of its own wire, but was not obliged to take care of its neighbor's, found in favor of the defendant, and an exception taken to the charge of the court was ineffectually relied upon in the General Term and in this court for a reversal.   In this case the evidence points to the Western Union Telegraph Company as the company responsible for the insulator being upon the pin without being screwed down, but in any event the state of the evidence is such that it will not support a finding that this defendant furnished the insulator, or put it on, or had anything to do with it whatever.

The judgment should be reversed and a new trial granted, with costs to abide the event.

All concur, except O'BRIEN, J., dissenting.

Judgment reversed, etc.