## Retta Blasingame v. The Royal Circle.

1. INSURANCE CONTRACT—*when application is part of.* Where the intent to make the application a part of the policy clearly appears, the court, no matter what the phraseology may be, will read the application into the contract of insurance. This rule applies to applications containing a stipulation exempting death by suicide from the risk.

2. SUICIDE—*when, is defense to action upon benefit certificate.* A stipulation in an application for insurance which provides that if the insured should die by suicide whether sane or insane, constitutes a complete exemption from liability in case of suicide by the insured, notwithstanding he was insane and totally incapable of understanding the physical nature and effect of his act.

3. PLEAS—*waiver of defects in.* After a demurrer to pleas has been filed and overruled and replication thereto filed, the plaintiff cannot question the sufficiency of such pleas.

4. REPLICATION—*when demurrable.* A replication is demurrable which fails to traverse or directly to confess and avoid the averments of the pleas.

5. BY-LAWS—*right of fraternal benefit society to enact.* The constitution of a fraternal benefit society has no greater force than its by-laws, and cannot take away the inherent power of a society to adopt such other by-laws as its charter permits.

6. FRATERNAL BENEFIT SOCIETIES—*contractual power of.* A frater-

nal benefit society may provide against its liability in the event of death resulting from suicide, notwithstanding such provision is not directly authorized by the constitution and by-laws of the organization.

Action on benefit certificate. Error to the Circuit Court of De Witt County; the Hon. WILLIAM G. COCHRAN, Judge, presiding. Heard in this court at the May term, 1903. Affirmed. Opinion filed November 17, 1903.

GEORGE K. INGHAM, for plaintiff in error.

LEMON & LEMON, for defendant in error.

MR. JUSTICE PUTERBAUGH delivered the opinion of the court.

This is an action in assumpsit, by plaintiff in error against defendant in error, to recover the sum of $1,000, alleged to be due upon a benefit certificate issued to one James M. Blasingame, and payable upon his death to plaintiff in error.

The declaration alleges, in substance, that in consideration of the application of James M. Blasingame for membership in the Royal Circle, a fraternal beneficiary society, and the statement certified by him to the Worthy Medical Examiner of defendant, and of his future compliance with the rules, laws and regulations of defendant, the defendant issued to him its benefit certificate, promising to pay plaintiff $1,000, upon satisfactory evidence of death of the insured; the death of the insured on January 20, 1902, and full compliance by the insured with defendant's rules, laws and regulations.

To the declaration the defendant filed two pleas which aver, in substance, that the benefit certificate upon which the action is based provides that the statements and representations made by the insured in his application for membership were thereby made a part of the contract of insurance; that such petition for membership provides that if the insured should die by suicide, whether sane or insane, the defendant should not be responsible under said contract of insurance; that the insured, voluntarily, and while conscious of the physical nature of the act, intending thereby to cause his death, with a knife, did cut his throat, thereby

causing his death while insane; and that the said James M. Blasingame in the manner aforesaid did then and there die by suicide while he, the said James M. Blasingame, was insane.

The trial court overruled a demurrer to said pleas, whereupon plaintiff filed two separate replications thereto. The replications aver, in substance, that the constitution of the society in force at the date of the application, and ever afterward, provides that white persons of good moral character of either sex, from eighteen to fifty years of age, who should pass the required medical examination, may become beneficiary members thereof, by complying with the laws and regulations of the order, as set forth in its by-laws and benefit certificates; and that in order to become a beneficiary member, a solicitor or a member of the local circle shall fill out the blank application for membership, and the applicant must sign it; and that every application for membership and indemnity must be in writing on blanks furnished by the order, and all questions satisfactorily answered, and that if a member dies * * * by self-destruction, * * * then, and in all such cases, the certificate of membership shall be null and void; and avers that the foregoing provision is the only one in defendant's constitution or by-laws with reference to the effect upon the contract of insurance of death by self-destruction or suicide; that the application was a printed one prepared and furnished by the defendant, filled out by the solicitor or a member of the local circle, and signed by the insured; that the provision referred to in said pleas, providing that the certificate to be issued under the application should be void in case the insured came to his death by suicide, sane or insane, was a printed clause in the application prepared by defendant's officers, or servants, but was wholly unauthorized by defendant's constitution or by-laws in force from the date of the application to the death of the insured.

Defendant in error demurred to these replications and the trial court sustained the demurrer, and the plaintiff in error electing to abide by said replications, judgment in bar was rendered in favor of the defendant in error against the plaintiff in error. The defendant sues out this writ of error,

and assigns for error the sustaining of the demurrer to said replications and the rendition of the judgment thereon.

The only question presented for decision is whether or not the replications were a good and sufficient answer to the second and fourth pleas.

Where the application for insurance is referred to in the insurance contract and made a part thereof, it is binding upon the beneficiary named in the policy. Where the intent to make the application a part of the policy clearly appears, the court, no matter what the phraseology may be, will read the application into the contract of insurance, and construe the contract and application together. This is held to be the law with special reference to applications containing a stipulation excepting death by suicide from the risk, and holding that such stipulation must be construed as a part of the contract of insurance. Treat v. Mutual Life Ass'n, 198 Ill. 431.

In the case of Fullenwider v. The Supreme Council Royal League, 180 Ill. 625, the court uses the following language:

"In construing the contract by the holder of the certificate —or rather that made between the member and the corporation—the *application*, the examination by the physician, the constitution and by-laws, and the certificate issued are all to be construed together as the contract between the parties."

Inasmuch as the certificate upon which the suit at bar is founded, recites that it is issued in consideration, in part, of the statements and representations made by the insured in his application for membership in the society, such application must be read into, and construed with the certificate of insurance.

The stipulation alleged to be contained in the application, providing that if the insured should die by suicide, whether sane or insane, the society should not be responsible, if properly pleaded, constitutes a complete exemption from liability in case of suicide by the insured, notwithstanding he was wholly insane and totally incapable of understanding the physical nature and effect of his act. Seitzinger v. Modern Woodmen, 204 Ill. 58.

The pleas, however, are subject to criticism for the reason that they aver that the statements and representations made by the insured in his application were thereby made a part of the contract of insurance, and that it was provided, among other things, in said application, that if the insured died by suicide, whether sane or insane, the defendant should not be responsible under said contract. They fail to clearly aver that the provision as to suicide was contained in the statements or representations which it is averred became, as a matter of law, a part of the contract of insurance.

Plaintiff in error having demurred to the pleas, and after the overruling of the demurrer, replied thereto, the sufficiency of the pleas cannot now be questioned. Fish v. Farwell, 160 Ill. 236.

We think that the replications are demurrable for the reason that they fail to traverse or directly confess and avoid the averments of the pleas. They but inferentially seek to avoid the force of the same by setting up that the liability of the society cannot be limited by the statements or representations contained in the application, in the absence of provisions in the constitution and by-laws authorizing such limitation. The constitution of a benefit society has no greater force than its by-laws, and it can not take away the inherent power to adopt such other by-laws as the charter permits. K. of P. v. Kutscher, 179 Ill. 340.

The stipulation as to suicide is in no way antagonistic or obnoxious to the charter of defendant in error, nor to its constitution, by-laws or the certificate. Notwithstanding it may not have been directly authorized by the constitution and by-laws, by signing the application in which it was contained, plaintiff in error made it a part of his contract with the society. The contract of insurance was complete before the insured became a member of the society, and in the absence of any averment of fraud on the part of the society in procuring the execution thereof, we think he and his beneficiary are bound by it. There is no ambiguity in the language used, and therefore no room for construction.

For the foregoing reasons, we are of opinion that the trial court properly sustained the demurrer to the replications and the judgment thereon will be affirmed.

*Affirmed.*