JAMES P. MONAHAN, Admr., Appellee, *vs.* THE FIDELITY MUTUAL LIFE INSURANCE COMPANY, Appellant.

*Opinion filed December 22, 1909.*

1. PLEADING—*changing suit from covenant to assumpsit does not make a new suit.* Under section 39 of the Practice act, authorizing amendments changing the form of action, it is proper to allow the plaintiff in an action on an insurance policy to change the form of action from covenant to assumpsit, even though the time limited by the policy for bringing suit has expired when the amendment is made.

2. INSURANCE—*construction favorable to insured is preferred.* If the language of an insurance policy is uncertain or ambiguous it will be construed most strongly against the insurance company and in favor of the insured.

3. SAME—*policy construed as to the meaning of incontestable clause.* A clause in an insurance policy providing that the policy shall be incontestable, except for non-payment of premiums, "if this policy shall have been in continuous force after two years from the date hereof," will be held to refer to the date of the policy and not to the date of its delivery, even though there is a

clause providing that the policy shall not be operative or binding until payment of the first premium and delivery of the policy, which was at a date later than the date of the policy.

4. SAME—*payment of premium the day after it was due does not make new contract.* The fact that the premium on a life insurance policy was not paid until the day after it was due does not make a new contract of insurance running from the date of such payment, but the old policy will be regarded as continuing in force without the interruption of the period of time required to make the policy incontestible under its terms.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. ROBERT W. WRIGHT, Judge, presiding.

WHEELER, SILBER & ISAACS, (MARTIN J. ISAACS, of counsel,) for appellant:

The provision of this policy, "this contract shall not be operative or binding until delivery," is a valid and enforcible provision. *Kohen* v. *Life Ass.* 28 Fed. Rep. 705; *Dickerson* v. *Life Ass.* 21 Ky. L. 611; *Summers* v. *Life Ins. Co.* 66 L. R. A. 812; *McCully* v. *Life Ins. Co.* 18 W. Va. 782; *McMasters* v. *Life Ins. Co.* 99 Fed. Rep. 856.

The act that constitutes the completion of a contract is what determines the commencement of the risk, and if this be the delivery of the policy the risk will not begin until then. *Roblee* v. *Life Ass.* 77 N. Y. Supp. 1098; *McCully* v. *Life Ins. Co.* 18 W. Va. 782; *Kohen* v. *Life Ass.* 28 Fed. Rep. 705.

The policy having been delivered October 30, 1903, that is the date of the commencement of the risk. *Mc-Masters* v. *Life Ins. Co.* 99 Fed. Rep. 856.

The payment of the initial premium, even before the delivery of the policy, did not alter the date of the begin-. ning of the risk. *McCully* v. *Life Ins. Co.* 18 W. Va. 782.

Default in the payment of premium when a provision exists in the policy that it "shall be void if premium is not

paid when due," will terminate the insurance without action on the part of the insurer. *Schimp* v. *Insurance Co.* 124 Ill. 354; *Life Ins. Co.* v. *Ross,* 159 id. 476; *Traveling Men's Ass.* v. *Schauss,* 148 id. 304; *Life Ins. Co.* v. *Stathan,* 93 U. S. 24.

Time is regarded as of the essence of the condition regarding the payment of the premium on a life insurance policy, and a failure to pay is such a breach as to discharge the contract. *Life Ins. Co.* v. *Stathan,* 93 U. S. 24.

When a policy has become void by reason of default in the payment of a premium it cannot be revived without a new contract. *Life Ins. Co.* v. *Galbraith,* 115 Tenn. 471; *Lantz* v. *Life Ins. Co.* 139 Pa. St. 546; *Teeter* v. *Life Ins. Ass.* 159 N. Y. 411.

It is not essential that the new contract should be evidenced by another and distinct policy. The new contract would be under the former policy. *Lantz* v. *Life Ins. Co.* 139 Pa. St. 546; *Life Ins. Co.* v. *Galbraith,* 115 Tenn. 471.

Where a policy becomes void by non-payment of premium and afterward is re-instated, the incontestable period will begin from the date of re-instatement. *Life Ins. Co.* v. *Galbraith,* 115 Tenn. 471; *Lantz* v. *Life Ins. Co.* 139 Pa. St. 546.

Samuel B. King, and Jule F. Brower, for appellee:

The language of an insurance policy is to be interpreted most strongly against the company, and the words according to their common and literal meaning, in favor of the insured. *Switchmen's Union* v. *Colehouse,* 227 Ill. 561; *Royal Circle* v. *Achterrath,* 204 id. 549; *Accident Ass.* v. *Frohard,* 134 id. 228; *Terwilliger* v. *Accident Ass.* 197 id. 9.

A provision in a life insurance policy that after a certain period therein-specified the policy shall be incontestable is valid, and is treated as a period of limitation, within which the insurance company must assert any defense which

it may claim to have to the policy upon the ground of fraud in procurement of the policy or otherwise, or be thereafter forever barred to make such defense. *Flanigan* v. *Life Ins. Co.* 231 Ill. 399; *Royal Circle* v. *Achterrath,* 204 id. 549.

The acceptance of premium after due estops the insurance company to claim that a forfeiture ever took place. *Life Ass.* v. *Wells,* 200 Ill. 445.

Even where a forfeiture is regarded as self-executing and as having taken place by force of the simple fact of non-payment at maturity, the acceptance of the overdue premium is held to be a cancellation of the forfeiture and not the making of a new contract. *Goodwin* v. *Assurance Ass.* 97 Iowa, 226; *Lindsey* v. *Aid Society,* 84 id. 734; *Benefit Life Ass.* v. *Robinson,* 104 Ga. 256.

Mr. JUSTICE HAND delivered the opinion of the court:

This was an action of assumpsit commenced by the appellee against the appellant in the superior court of Cook county upon an insurance policy for $3000 issued by the appellant upon the life of Patrick H. Fay, who died on October 19, 1905. The jury returned a verdict in favor of the plaintiff for $3275, upon which verdict the court rendered judgment, and the defendant prosecuted an appeal to the Appellate Court for the First District, where the judgment of the trial court was affirmed, and a further appeal has been prosecuted to this court.

The suit was originally commenced in covenant, and after the insured had been dead more than one year (the period fixed by the policy within which suit should be brought being one year) the form of the action, by leave of court, was changed from covenant to assumpsit and the pleadings were accordingly amended. The appellant urges that the present suit was not commenced within one year from the date of the death of the insured and that it cannot be maintained. The amendment changing the cause

of action from covenant to assumpsit and amending the
pleadings to make them conform to the latter action was
properly allowed under section 39 of the Practice act.
(Hurd's Stat. 1908, p. 1624; *Thomas* v. *Fame Ins. Co.*
108 Ill. 91.) The court did not err in permitting the
amendment to be made, as the changing of the form of
action was not the commencement of a new suit.

The defense sought to be made to a recovery on the
policy was that the insured, in the application for the in-
surance, had made certain false statements, which amounted
to warranties, relative to his health and medical treatment
which he had received prior to the date of the application.
The policy contained the following incontestable clause:
"If this policy shall have been in continuous force after
two years from the date hereof, it shall, in the event of the
death of the insured, be incontestable for the sum payable
hereunder except for non-payment of premium." The pol-
icy bore date September 30, 1903, and the insured died on
October 19, 1905. The policy was therefore incontestable,
unless the fact that the policy was not delivered until Oc-
tober 30, 1903, under the clause found in the policy which
provided that the policy "shall not be operative or binding
until the actual payment of the initial premium and deliv-
ery of the policy during the lifetime and good health of
the insured," and the further fact that the second premium,
which fell due September 30, 1904, was not paid until Oc-
tober 1, 1904, showed the policy had not been "in continu-
ous force" for two years from its date. The insured paid
the appellant for carrying the said insurance from Septem-
ber 30, 1903, and the policy provided if the policy should
remain in continuous force "two years from the date here-
of,"—that is, from September 30, 1903,—it should be in-
contestable except for non-payment of premium. We do
not see, therefore, why the date from which the two years
should commence to run should not be held to be Septem-
ber 30, 1903. If, however, the two clauses found in the

policy,—that is, the clause which provided if the policy
should remain in force "two years from the date hereof,"
and the clause which provided the policy should not become
binding on the company until the first payment should have
been made and the policy delivered,—are in conflict with
each other and render the time uncertain from which the
two years in which the policy might be contested should
commence to run, we think the first clause,—that· is, that
the policy should be incontestable if it remained in continu-
ous force after two years from the date thereof,—should
be held to control, as that construction would be favorable
to the insured, as the rule is that the language of an insur-
ance policy, when uncertain or ambiguous, is always to be
construed in favor of the insured and more strongly against
the insurance company. (*Union Mutual Accident Ass.* v.
*Frohard,* 134 Ill. 228; *Terwilliger* v. *National Masonic
Accident Ass.* 197 id. 9; *Royal Circle* v. *Achterrath,* 204
id. 549; *Switchmen's Union of North America* v. *Cole-
house,* 227 id. 561.) Our conclusion is that the policy be-
came incontestable two years after September 30, 1903, if it
continually remained in force from that date for two years.

It is further urged that the policy did not remain con-
tinuously in force for two years, as it is said the policy was
forfeited on September 30, 1904, by reason of the failure
of the insured to pay the premium due on that day, and
that when the policy was re-instated by the payment of the
premium on the next day, to-wit, October 1, 1904, a new
contract of insurance was made between the insurance com-
pany and the insured, and that the two years in which the
policy might be contested commenced to run from that
day,—that is, from October 1, 1904,—instead of from
September 30, 1903. We cannot accede to this proposi-
tion. While the payment was due on September 30, 1904,
the company could waive payment of a premium on that
day and accept the premium on the next day if it saw fit,
and if it did waive the payment on the 30th day of Sep-

tember and accepted it on October 1, 1904, there was no forfeiture and there was no new contract made between the parties but the old policy remained in force, and whatever provisions were found in the policy, including the incontestable clause, would control in determining the legal effect of the policy. "If payment was actually made, even though not according to the terms of the policy, the company could certainly not thereafter insist upon a forfeiture for a failure to pay promptly." *Illinois Life Ass.* v. *Wells,* 200 Ill. 445.

In *Lindsey* v. *Western Mutual Aid Society,* 84 Iowa, 734, there was a change in the law between the time of the issuance of the policy and the time of the loss under the policy, which forbade the naming as beneficiaries of certain persons named as beneficiaries in the policy who might theretofore and when the policy was written have been named as such. After the enactment of this law the policy was forfeited for non-payment of an assessment and re-instated upon payment of the assessment in arrears. Upon the occurrence of the loss the company defended upon the ground that the contract must be regarded as having been made by and as of the date of the re-instatement, and hence void because in violation of the recently passed law against naming as beneficiaries the persons therein named as such. This contention was overruled by the court, and in so doing the court, on page 741, said: "The defendant contends that this forfeiture and restoration created a new contract, and that, as it was after chapter 65 took effect, the certificate was void under this statute, the beneficiary named not being husband, wife, relative, legal representative or legatee of the insured member. The re-instatement was not the making of a new contract, for no new or different terms were agreed upon. It was simply a cancellation of the forfeiture, whereby Mrs. Wilson was restored to membership under the contract already existing. No new or different certificate was issued, but defendant con-

tinued to recognize the certificate sued upon as the valid and existing contract with the insured."

In *Goodwin* v. *Provident Savings Life Assurance Ass.* 97 Iowa, 226, the company, as in the case at bar, contested an "incontestable policy" upon the ground that the assured committed suicide, which act, by the terms of the policy, rendered it void. The policy provided, however, that it should be incontestable after two years from its date. The assured failed to pay a premium when it fell due, but did pay it, and the company accepted it, later. This fact was claimed by the company to create a new contract as of the date of the receipt by the company of the past-due premium and that the incontestable clause would begin to run from the latter date. The court, on page 238, said: "The re-instatement was not the making of a new contract, for no new or different terms were agreed upon. It was simply the cancellation of a forfeiture, whereupon the contract was restored and recognized as binding by the company." To the same effect is the case of *Massachusetts Life Ass.* v. *Robinson,* 104 Ga. 256.

The cases of *Pacific Mutual Life Ins. Co.* v. *Galbraith,* 115 Tenn. 471, and *Teeters* v. *United Life Ins. Ass.* 159 N. Y. 4, announce a different rule from the cases cited. We are of the opinion, however, that the true rule, and the one most in consonance with the decisions of this court, is announced in *Lindsey* v. *Western Mutual Aid Society, Goodwin* v. *Provident Savings Life Assurance Ass.* and *Massachusetts Life Ass.* · v. *Robinson,* heretofore cited. We think, therefore, that the policy was in force continuously for two years from its date. This conclusion renders the policy incontestable, and makes it unnecessary to consider other questions argued in the briefs.

Finding no reversible error in this record the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*