## Emily V. Seymour, Appellant, v. Mutual Protective League, Appellee.

1. PLEADING—*when replication confesses averments of plea.* A replication which does not traverse matters of fact alleged in a plea is taken to have confessed the same.

2. FRATERNAL BENEFIT SOCIETIES—*how incontestable clause construed.* An incontestable clause which is made a part of a benefit certificate should be liberally construed in favor of the beneficiaries of the insured.

3. FRATERNAL BENEFIT SOCIETIES—*when incontestable clause precludes defense of suicide.* The language of the incontestable clause in the certificate in issue in this case as follows: "When certificates of membership shall be in force for two years they shall be incon-

testable for any cause except for violation of the constitution and laws of this order, or a failure to pay the assessments for the benefit and general fund as provided by the law,"—excludes the suicide of the insured as a defense to an action on such certificate.

4. FRATERNAL BENEFIT SOCIETIES—*when incontestable clause operative.* If a certificate is issued which after two years is incontestable, a change of beneficiaries, followed by the issuance of a new certificate, does not start afresh the running of the limitation period.

Assumpsit. Appeal from the Circuit Court of Montgomery county; the Hon. TRUMAN E. AMES, Judge, presiding. Heard in this court at the May term, 1909. Reversed and remanded. Opinion filed March 30, 1910.

AMOS MILLER, for appellant; C. C. TERRY and T. M. JETT, of counsel.

HARRY C. STUTTLE and L. V. HILL, for appellee; J. T. BULLINGTON, of counsel.

MR. PRESIDING JUSTICE BAUME delivered the opinion of the court.

This is a suit brought by Emily V. Seymour, a minor, by Flora A. Seymour, her guardian, against the Mutual Protective League, a fraternal beneficiary society organized under the laws of this state, to recover an amount alleged to be due her by the terms of a benefit certificate issued by said society to her father, Edgar B. Seymour. The declaration alleges that on September 17, 1897, the defendant delivered to Edgar B. Seymour a certificate of membership whereby it accepted said Seymour as a member of said defendant society upon the faith of the warranty, statements and representations contained in his application and statements to the local medical examiner, a copy of which was thereto attached and made a part of the contract of insurance, and whereby said defendant society agreed upon the death of said Seymour, provided he had while a member complied with its charter, constitution, laws, rules and regulations, to pay from the benefit fund the amount of one assessment not exceed-

ing the sum of $1,000 as follows: Two hundred dollars each to the widow and four children of said Seymour. The declaration sets out such certificate *in haec verba,* which certificate contains other provisions not now necessary to be noticed. The declaration further alleges that said Seymour continued to be a member of defendant society and to pay all assessments therein, and was such member on May 5, 1905, when, in order to change the beneficiaries named in said benefit certificate the defendant society and said Seymour by mutual agreement took up, cancelled and surrendered said benefit certificate, and the defendant then and there issued and delivered to said Seymour in lieu thereof another benefit certificate designated as a "Five Year Natural Life Form" whereby in consideration of the statements made and warranted by said Seymour in his application and medical examination, both of which were thereby made a part of said contract of membership, and whereby it was provided that the said Seymour while in good standing should be entitled to the privileges of said society and his beneficiaries should be entitled to participate in the benefit and reserve funds of said society to the amount of $1,000, as follows: $333.34 to Lewis W. Seymour, $333.33 to the plaintiff Emily V. Seymour and the like sum to Amos E. Seymour, all of said beneficiaries being designated in said certificate as children of said Edgar B. Seymour. This certificate is set out *haec .verba* and the fifth clause thereof provides in part as follows: "If a member holding this certificate * * * should die * * * by suicide, whether sane or insane, intentional or unintentional, except it be committed while the member is under treatment for insanity, * * * or if any of the statements or declarations in the application for membership and upon the faith of which this certificate was issued shall be found in any respect untrue, this certificate shall be null and void and of no effect provided that

in all such cases the amount of money contributed to the benefit fund by such member shall be returned, and shall be paid to the beneficiary out of such fund in lieu of the benefit.'' The declaration further alleges that said Edgar B. Seymour continued to be a member of said defendant society and to pay all assessments and dues levied or assessed against him until January 1, 1907, when he died and that proofs of his death were made and received by the defendant on December 7, 1907; that by reason of the premises the defendant became liable to pay to the plaintiff $333.33, but has not paid the same. To this declaration the defendant filed its plea of the general issue, except as to the sum of $18.65 with interest thereon. The defendant also filed its several special pleas, as follows: First, that the said sum of $18.65 and interest thereon amounting to $1.20, together with the costs of the suit amounting to $7.05, it is ready and willing to pay to the plaintiff and brings the same into court, said $18.65 being one-third of the sum of money contributed by said Seymour to the benefit fund of said defendant; that said Seymour agreed and states in his application that the defendant should not be responsible under the contract if he should ''die by suicide whether sane or insane, except it be committed in delirium resulting from illness, or while the member is under treatment for insanity or has been judicially declared to be insane, but all money contributed to the benefit fund of the defendant by such member shall be paid to the beneficiary hereunder;'' that the said Seymour committed suicide on January 1, 1907, and for the reason aforesaid the plaintiff should not recover except the sum so tendered. Second, that relying upon the said agreement in said application mentioned the defendant issued to said Seymour a certain benefit certificate, which on April 26, 1905, said Seymour by his written endorsement thereon surrendered to defendant and requested a new certificate to be issued to him

in lieu thereof; that in compliance with such request the defendant on May 1, 1905, issued to said Seymour ·a certificate which was in full force at the time of his death and was the only certificate authorized to be issued. The plea further sets forth in *haec verba* clause five heretofore mentioned, of said certificate, and further avers that notwithstanding the provisions of said certificate said Seymour on January 1, 1907, committed suicide, and prays judgment if the plaintiff ought to maintain her action for a greater sum than the amount tendered. Other special pleas filed by the defendant are the same in substance as those mentioned. To the plea of the general issue the plaintiff filed her replication accepting the amount tendered and as to the residue claimed put herself upon the country, and to the several special pleas the plaintiff replied accepting the amount tendered and averring that she ought not to be barred of her action for the residue claimed by her, from anything stated in the pleas, because at the time the said Seymour became a member of the defendant society the constitution and laws of said society then in force and which were in force thence continuously until his death, provided, that "when certificates of membership shall be in force for two years they shall be incontestable for any cause except for violation of the constitution and laws of this order, or a failure to pay the assessments for the benefit and general fund as provided by the law." A general and special demurrer interposed by defendant to said last replication was sustained by the court, and the plaintiff having elected to abide her said replication, judgment was entered in her favor against the defendant for $26.90, being the amount tendered. To reverse such judgment the plaintiff prosecutes this appeal.

In support of the action of the court in sustaining the demurrer to plaintiff's replication to the special pleas, it is urged by defendant that the replication

contravenes an established rule of pleading, in that, as it purports to be by way of confession and avoidance it does not confess the averment in defendant's pleas that the insured committed suicide. The replication necessarily imported a confession of the averment of fact in the plea that the insured committed suicide, and was not, therefore, subject to the objection urged. In Waggeman v. Lombard, 56 Ill. 42, it is said, that "every pleading is taken to confess such traversable matter of fact alleged on the other side as it does not traverse."

The tender by the defendant to the plaintiff, as severally pleaded by the defendant, was not in full settlement of plaintiff's claim, but only as part and parcel of said claim, and the acceptance of such tender by the plaintiff was by her replication expressly limited to a satisfaction in part only of the amount claimed.

It is insisted by the defendant that the provision in its constitution and laws whereby certificates of membership in force for two years should be incontestable, for any cause except fraud, etc., as set forth in the replication to the special pleas, has no application, because it tendered to the plaintiff her share of the amount of money contributed by the insured to the benefit fund, which amount, by the express terms of the policy was all that plaintiff was entitled to receive upon the death of said insured by suicide, and that defendant is not, therefore, contesting the benefit certificate, but is offering and seeking to comply with its terms and provisions. The tender or payment to the plaintiff of her proportionate share of the amount paid by the insured to the benefit fund of the defendant society cannot be held to have constituted a tender or payment to the plaintiff of her share, or as any part of the amount of insurance upon the life of the insured for which the benefit certificate was issued. The incontestable clause which is made a part of the benefit certificate issued by the defendant society

should be liberally construed in favor of the beneficiaries of the insured, and must be held to relate to the claim of the beneficiaries to recover the amount of insurance for which the benefit certificate is issued, unless by the express terms of the benefit certificate the act of suicide by the insured is excepted from the operation of such incontestable clause.

It is further insisted by defendant that conceding the act of suicide by the insured is excepted from the operation of the incontestable clause, such incontestable clause is inoperative in this case because the benefit certificate upon which a recovery is sought was issued to the insured within two years prior to his death. The insured became a member of the defendant society in 1897, when a benefit certificate for $1,000 wherein Lewis W., Vernon E., and Amos E. Seymour were named as beneficiaries, was issued to him, and he was thereby granted the privilege upon the surrender and cancellation of said certificate at any time thereafter, while he was a member in good standing, to change the beneficiaries named therein by a new certificate to be issued to him in lieu thereof. The certificate here involved is the one which was issued to him on May 1, 1905, upon his application to the defendant society requesting a change of beneficiaries. Both certificates were issued to the insured in consequence of his membership in defendant society and the application and medical examination referred to in the last certificate and made a part thereof, and which together with such certificate, formed the contract of insurance are the same application and medical examination upon which the first certificate was issued. The relation of the insured to the defendant society was not in any manner changed by the issuance to him of the new certificate and such new certificate should be held to be merely the continuance of the relation of insurer and insured which was entered into in 1897. The constitution and laws in force in 1897

which contained the incontestable clause as set forth in the replication together with the application, medical examination and certificate constituted the entire contract of insurance, and such incontestable clause insofar as it is operative must be held to apply to the certificate in suit as of the date of the first certificate. The manifest purpose of the incontestable clause was to prevent the perpetration of a premeditated fraud on the defendant society by the insured, the probability of the consummation of which was considered by the defendant society would terminate within two years after the date of the issuance of the first certificate. As the insured had held a certificate in defendant society for eight years, when the certificate in suit was issued, in pursuance of a theretofore existing privilege to change his beneficiaries and without any other or further application or medical examination, it seems clear that the purpose of the incontestable clause did not exist when such certificate was issued.

The language of the incontestable clause is as follows: "When certificates of membership shall be in force two years, they shall be incontestable for any cause except fraud, violation of the constitution and laws of the order, or a failure to pay the assessments for the benefit and general fund as provided by the law," excludes the suicide of the insured as a defense to an action on the certificate, and there is no provision in the contract of insurance here involved which admits such defense notwithstanding the incontestable clause. Royal Circle v. Achterrath, 204 Ill. 549; Mut. Pro. League v. McKee, 122 Ill. App. 376.

The trial court erred in sustaining the demurrer to the plaintiff's replication and the judgment will be reversed and the cause remanded.

*Reversed and remanded.*