## Frances E. Arrowsmith, Plaintiff in Error, v. Old Colony Life Insurance Company, Defendant in Error.

1. INSURANCE—*when application part of contract.* Where an intent to make the application a part of the policy appears, the court, no matter what the phraseology may be, will read the application into the policy of insurance.

2. INSURANCE—*how contract construed.* If language of an insurance policy is ambiguous it will be most strongly construed against the company in favor of the insured.

3. INSURANCE—*how period of incontestability determined.* If the original application was to one insurance company and the suit brought is upon the policy issued by another company pursuant to a re-insurance agreement, an incontestable clause commences to run from the date of the first application unless the intention of the parties to the contract is clearly to the contrary.

Assumpsit. Error to the Circuit Court of McLean county; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the May term, 1911. Reversed and remanded. Opinion filed October 9, 1911. Rehearing denied and opinion modified November 7, 1911.

LIVINGSTON & BACH, for plaintiff in error.

DEMANGE, GILLESPIE & DEMANGE, for defendant in error.

MR. JUSTICE FROST delivered the opinion of the court:

This is an action upon a policy of insurance. A demurrer was sustained to the declaration, and judgment entered thereon against plaintiff, and she brings a writ of error to reverse the judgment of the Circuit Court. Under the averments of the declaration, it appears that John R. Arrowsmith, plaintiff's husband, on the 9th of September, 1907, made application to the Provident Life Insurance Company for insurance upon his life, which application was in writing, and upon that date said company issued its policy to him, for plaintiff's benefit, in conformity with the terms and conditions of such application, and that afterwards the risks of said company were taken over and re-insured by defendant in error, the Old Colony Life Insurance Company; that pursuant to such re-insurance, March 17, 1909, defendant executed its policy of insurance to said Arrowsmith. The application of Arrowsmith to the Provident Life Insurance Co. stated that self-destruction of insured within two years from its date was not a risk assumed by the company. The policy of defendant issued to Arrowsmith provides that its policy of insurance is granted in consideration of the application to the Provident Life Insurance Co., and is made a part of the policy, and it also provides that defendant shall not be liable if death occurs from self-destruction within two years from its date. The declaration alleges that Arrowsmith committed suicide October 9, 1909, said date being more than two years after the date of the application, and less than seven months from the date of the defendant's policy. The question for determination is whether the provision of defendant's policy as to self-destruction shall relate to the date of defendant's policy or to the date of the policy of the Provident Life Insurance Company.

Where an intent to make the application a part of the policy appears, the court, no matter what the

phraseology may be, will read the application into the policy of insurance. Retta Blasingame v. The Royal Circle, 111 Ill. App. 202; Treat v. Merchants' Life Association, 198 Ill. 431.

If the language of an insurance policy is ambiguous, it will be most strongly construed against the insurance company and in favor of the insured. A clause in an insurance policy providing that the policy shall be incontestable, except for non-payment of premiums, "if this policy shall have been in continuous force after two years from the date hereof," will be held to refer to the date of the policy and not to the date of its delivery, even though there is a clause providing that the policy shall not be operative or binding until payment of the first premium and delivery of the policy, which was at a date later than the date of the policy. Monahan v. Fidelity Life Insurance Co., 242 Ill. 488-9.

An incontestable clause which is made a part of a benefit certificate should be liberally construed in favor of the beneficiary of the insured. Seymour v. Mutual Protective League, 155 Ill. App. 21.

The application in this case having been made by the defendant a part of its policy, requires us to construe the policy in connection with the application and considering the application and the policy together the period of incontestability in case of suicide is rendered uncertain, and in view of the foregoing authorities the policy should receive liberal construction and one most favorable to the insured. By so doing the period of incontestability would run from the date of the policy of the Provident Life Insurance Co., which will be considered of same date as the application, where there is no other averment of its date, it being unnecessary to make such averment.

In this view of the case the action of the Circuit Court in sustaining the demurrer to the declaration

was erroneous, and for that reason the judgment will be reversed and the cause remanded.

*Reversed and remanded.*