## Emily V. Seymour, Appellant, v. The Mutual Protective League, Appellee.

1. FRATERNAL BENEFIT SOCIETIES—*construction of rules.* Clauses in the rules of a fraternal benefit society which provide that certificates in force two years shall be incontestable except for fraud, violation of the constitution and laws or failure to pay assessments, and also that benefits of a member who commits suicide will not be paid except in certain cases, are contradictory and should be construed most favorably to the insured permitting the incontestable clause to prevail.

2. FRATERNAL BENEFIT SOCIETIES—*constitution.* The constitution of a fraternal benefit society merely has the force of a by-law and does not take away the power to adopt such other by-laws as the charter permits.

3. FRATERNAL BENEFIT SOCIETIES—*rules regarding payment of benefits.* A beneficiary, on suicide of the insured, has no claim except for the amount paid to the fund by insured where the certificate provides that the member shall comply with the laws in force or that may be in force thereafter, and thereafter a clause providing that certificates shall be incontestable after two years, except for certain causes, is duly repealed and a clause is left in force which provides that only the amount paid to the fund shall be paid in case of suicide except in certain cases.

Action on a benefit certificate. Appeal from the Circuit Court of Montgomery county; the Hon. A. M. ROSE, Judge, presiding.

Heard in this court at the October term, 1911. Affirmed. Opinion filed December 13, 1911. Rehearing denied April 3, 1912.

MILLER & McDAVID, for appellant; C. C. TERRY, of counsel.

HARRY C. STUTTLE and HILL & BULLINGTON, for appellee.

MR. JUSTICE THOMPSON delivered the opinion of the court.

The cause of action with the declaration and the pleas in this case are fully set forth in Seymour v. Mutual Protective League, 155 Ill. App. 21, where the judgment was reversed and the cause remanded for error in the trial court in sustaining a demurrer to a special replication to the pleas. The statement of the pleadings in that opinion will, for the sake of avoiding repetition, be adopted as a part of the present opinion. Upon the case being reinstated the defendant filed a rejoinder to the replication. The rejoinder sets forth that it is provided in the benefit certificate that it was issued upon the express condition that the insured shall comply with the constitution, laws, rules and regulations of the order and the by-laws of the council in force or that may be in force hereafter; that after the certificate of insurance containing said provisions was issued and before Edgar B. Seymour had surrendered it and had the new certificate issued, the incontestible clause set forth in the special replication was repealed by the supreme council of defendant, and the constitution and by-laws were amended in and by which amendment it was provided for the issuing of the last named certificate under the style of the "Five Year Natural Life Form" and the rate of insurance was increased; that after the repeal of the incontestible by-law, the second certificate, known as the Five Year Natural Life Form, was issued to Edgar B. Seymour, who

accepted the same, paid dues thereon at a greater rate than under the first certificate, and that said new certificate provided that in the event of suicide the same should be null and void, and that said incontestible clause is not now a part of the laws of defendant and prays judgment, etc., except as to the sum of $19.85, tendered.

A demurrer was filed to the rejoinder, which does not appear to have been passed upon, nor was issue joined on the rejoinder. The case was thereafter tried by the court upon a stipulation of facts. The controlling facts in the stipulation are:

(1) That the defendant is a fraternal beneficiary society organized under the laws of Illinois; that it has a Supreme Council and subordinate councils and that it has a constitution, laws and by-laws, which are enacted by the Supreme Council.

(2) That on September 17, 1897, the defendant issued the certificate set forth in the declaration.

(3) That Edgar B. Seymour on May 1, 1905, surrendered the original certificate for the purpose of changing the beneficiaries.

(4) That Seymour accepted the first certificate and agreed to all the conditions therein.

(5) That he expressly agreed to obey the constitution, laws, and regulations then in force, or that may be in force thereafter.

(6) That at the time he became a member the laws, rules and regulations of the defendant provided:

Section 200. When certificates of membership shall be in force for two years, they shall be incontestible for any cause, except fraud, violation of the constitution and laws of this order, or a failure to pay the assessments.

Section 202. This order will not pay the benefits of a member who commits suicide, whether sane or insane, except it be committed in delirium resulting from illness, or while the member is under treatment for

insanity or has been judicially declared insane; provided in such cases the amount of money contributed to the benefit fund by the member shall be returned and paid to the beneficiary out of such fund in lieu of the benefit.

Section 10. The Supreme Council at its regular meeting shall have complete charge of its affairs. It shall be vested with the sole power to legislate, alter, amend, annul or modify its laws except as herein provided.

(7) On February 25, 1905, the Supreme Council, in pursuance to a call duly issued, unanimously passed a resolution in due form repealing Section 200 of the by-laws above set forth. That at such meeting an amendment was prepared and adopted for the abolition and repeal of the by-laws providing for the issuing of certificates of membership as held at that time by Seymour, deceased, and by-laws were enacted for the issuing of certain other benefit certificates known as the "Five Year Natural Life Certificate" of defendant. That after that meeting the only form of certificate that could be issued in lieu of the original certificate held by Seymour was the Five Year Natural Life Certificate; that a by-law was adopted at that meeting raising the monthly dues. That the rate of insurance to the said Seymour was raised from fifty cents to ninety-five cents per month. That the secretary mailed to every member, including Seymour, a notice of said amendments, and the notice to Seymour was not returned, although there was a return notice on the envelope, and Seymour thereafter paid the increased premiums. That after the 1st of May, 1905, Seymour for the purpose of changing the beneficiaries, surrendered his original certificate, and the New Five Year Natural Life Certificate was issued to him, which was accepted and retained by him.

Each party submitted propositions of law in accordance with their theory of the case. The court refused

the propositions presented by plaintiff and held those to be the law, that were presented by the defendant, namely, that the society had power to and did on February 25, 1905, repeal Section 200 of its by-laws—the incontestible clauses—and that if the repeal of said clause was prior to the death of Seymour, then the plaintiff is bound thereby. The court found for the defendant and rendered judgment on the tender for plaintiff for $26.90. The plaintiff again appeals.

At the time the original certificate was issued to Edgar B. Seymour, section 200 of the laws of appellee provided that its certificates were incontestible after two years. The certificate was issued and accepted and "made a liability upon the order to the persons named within the express conditions that the insured shall comply with the constitution, laws, rules and regulations and the by-laws of the council in force, or that may be in force hereafter." The by-laws at that time contained section 202, that the society would not pay the benefits of a member who commits suicide whether sane or insane, except it be committed in delirium resulting from illness or while under treatment for insanity or after an adjudication of insanity. Sections 200 and 202 are contradictory. If they had both been in force at the time of the death, they would be given the construction most favorable to the insured and the incontestible clause would control.

The "Constitution" of a benefit society has the force of a by-law only, and cannot take away the inherent power to adopt such other by-laws as the charter permits. (Supreme Lodge K. of P. v. Kutscher, 179 Ill. 341.) "A member of a benefit society, who agrees to abide by and be governed by subsequently adopted by-laws, is bound by them unless they are unreasonable." "A party cannot claim the right to have a contract remain unaltered when the contract itself provides that it may be changed." (Scow v. Royal League, 223 Ill. 32; Baldwin v. Begley, 185 Ill. 180.)

The original certificate issued to Seymour provided that it was issued "within the express conditions that the insured shall comply with the constitution, laws, rules and regulations of the order and the by-laws of the council in force or that may be in force hereafter." It was accepted by Seymour and he agreed to all the conditions therein. The by-laws in force at the time the original certificate was issued provided that the constitution and articles of association might be amended by the Supreme Council. It is stipulated that on February 25, 1905, the Supreme Council passed a resolution in due form repealing the incontestible by-law in force when the certificate was issued, and that notice of this amendment of the by-laws was sent to Seymour, and that thereafter he had the certificate changed and paid the dues that had been increased under the amendments at that time made.

"The contract requiring compliance with any by-law that might thereafter be enacted, and the certificate being accepted with such a clause therein, there was no vested right of having the contract in the certificate remain unchanged, because the recognition of the power to make new by-laws is necessarily a recognition of the right to repeal or amend those theretofore made." (Fullenwider v. Royal League, 180 Ill. 621; Scow v. Royal League, 223 Ill. 33).

In Scow v. Royal League it was held that a by-law of a benefit society providing that "if any member shall die by his own hand, sane or insane, his beneficiary or beneficiaries shall receive only one-half of the face value of the benefit certificate" was valid and binding on a member, who was admitted to the society before the adoption of the by-law, and who had agreed to be bound by all by-laws then in force or thereafter adopted. The assured, Seymour, accepted the original certificate with a similar provision. It is stipulated that in February, 1905, the incontestible by-law was duly repealed, and that Seymour thereafter committed

suicide, and that the appellee has tendered to appellant the money paid in by the assured to the benefit fund. The beneficiary under the stipulated facts has no further claim on the society.

The judgment is affirmed.

*Affirmed.*