## Frances E. Arrowsmith, Appellee, v. Old Colony Life Insurance Company, Appellant.

1. APPEAL AND ERROR, § 1725*—*when judgment on former appeal conclusive.* Where a third appeal involves no issue which might not have been presented on the former appeals, every question which might have been presented in the former actions and appeals is *res adjudicata.*

2. APPEAL AND ERROR, § 1733*—*when exception to rule of res adjudicata not allowed.* On a third appeal, the negligence of a litigant in failing to discover facts practically wholly within his own means of ascertainment is not a ground for setting aside the rule of *res adjudicata.*

3. INSURANCE, § 122*—*when application for original life policy a part of reinsurance.* Where a life insurance policy, reinsuring one who held a policy in another company, makes the application to such other company a part of the reinsurance policy, but makes no reference to the original policy, the original application and the reinsurance policy constitute the entire contract between the policy holder and the reinsurer.

4. INSURANCE, § 122*—*when terms of original application for life insurance control reinsurance policy.* A policy reinsuring one who held a policy in another company made his original application a part of the reinsurance policy. The application provided that suicide within two years from its date was not a risk assumed by the original insurer. The reinsurance policy provided that in case of suicide within two years from its date, the reinsurer would repay the premiums with five per cent. interest, but should not otherwise be liable. The insured committed suicide more than two years after the date of the original application, but less than two years after the date of the reinsurance policy. It was *held* that the policy would be construed most favorably to the insured and

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

that the incontestability period would run from the date fixed by the application, and recovery was allowed.

. Appeal from the Circuit Court of McLean county; the Hon. Colostin D. Myers, Judge, presiding. Heard in this court at the April term, 1914. Affirmed. Opinion filed October 16, 1914. Rehearing denied December 2, 1914.

DeMange, Gillespie & DeMange, for appellant.

Livingston & Bach, for appellee.

Mr. Justice Eldredge delivered the opinion of the court.

This is the third appeal from judgments entered in the trial court against appellant in actions by appellee to recover instalments due on a life insurance policy issued to John L. Arrowsmith. The present judgment is for the sum of $975 and costs.

On the ninth day of September, 1907, John L. Arrowsmith made an application to the Provident Annuity Life Association of Illinois for a policy of insurance in the sum of $5,000. The application was accepted and a policy for said amount was issued to him. Subsequently the Provident Association ceased to do business and the Old Colony Life Insurance Company, appellant in this case, reinsured the policy holders in the former Company and issued the insurance policy, on which this action is based, to John L. Arrowsmith on March 17, 1909. The policy issued by appellant contains this provision: "This insurance is granted in consideration of an application made to the Provident Annuity Life Association of Illinois, a copy of which is endorsed on or attached to and made a part hereof, and of the payment in advance of three and 79/100 dollars and of the payment thereafter of the same sum on or before the first day of each month in every year during the continuance of this policy."

The application to the Provident Association contained this clause:

"7th. That self-destruction or death in violation of law, sane or insane, within two years from the date hereof, are risks not assumed by the Association in the contract, but in such case, the Association will return the amount of the premiums paid."

The policy issued by appellant contained a provision:

"If within two years from date hereof, death results either from self-destruction, whether sane or insane, voluntary or involuntary, * * * the Company will repay premiums paid, with interest at five per cent. and shall not be otherwise liable."

John L. Arrowsmith committed suicide on October 6, 1909. Appellant denied liability upon this policy on the ground that the suicide took place within two years from March 17, 1909, the date of appellant's policy. Appellee brought an action in assumpsit on said policy for a past due instalment and the trial court sustained a demurrer to appellee's declaration. On appeal to this court it was held that the demurrer should have been overruled and the cause remanded with directions to overrule the demurrer. *Arrowsmith v. Old Colony Life Ins. Co.,* 164 Ill. App. 44. Subsequently on a trial a judgment was recovered against appellant in that action, from which judgment another appeal was taken to this court, but we held: "The argument on this appeal is only a reargument of the questions heretofore determined by this court. It is unnecessary to repeat what was said in our former opinion. It has been repeatedly held by this court and the Supreme Court that questions determined by a former appeal become *res adjudicata* upon a second appeal." *Arrowsmith v. Old Colony Life Ins. Co.,* 181 Ill. App. 163.

The only questions raised on this appeal are such as relate to the liability of appellant on said policy. The former judgments of this court are *res adjudicata* and conclusive as to all matters of defense which

existed prior to the former suit and which might have been presented therein. The present appeal involves no issue which might not have been presented on the former appeals, and every question which might have been presented in the former actions and appeals is *res adjudicata*. *Louisville, N. A. & C. Ry. Co. v. Carson*, 169 Ill. 247; *Bennitt v. Wilmington Star Min. Co.*, 119 Ill. 9; *Marshall v. Grosse Clothing Co.*, 184 Ill. 421; *City of Chicago v. Partridge*, 248 Ill. 442.

However, as appellant claims to have discovered new facts in relation to the application and policy made to and issued by the Provident Association, which facts were set up in a special plea, to which a demurrer was sustained by the trial court, and which, it is claimed, precludes a recovery on this policy, under the holding of this court in its opinion rendered on the first appeal, we are disposed to consider appellant's contention as now made. In the opinion on the first appeal (164 Ill. App. 44) it is said:

"The question for determination is whether the provision of defendant's policy as to self-destruction shall relate to the date of defendant's policy or to the date of the policy of the Provident Life Insurance Company.

"Where an intent to make the application a part of the policy appears, the court, no matter what the phraseology may be, will read the application into the policy of insurance. * * *

"The application in this case having been made by the defendant a part of its policy, requires us to construe the policy in connection with the application and considering the application and the policy together the period of incontestability in case of suicide is rendered uncertain, and in view of the foregoing authorities the policy should receive liberal construction and one most favorable to the insured. By so doing the period of incontestability would run from the date of the policy of the Provident Life Insurance Company, *which will be considered of same date as the application,* where there is no other averment of its date, it being unnecessary to make such averment."

The plea in the case at bar avers that the policy issued by the Provident Association was in fact, dated November 1, 1907, and that the application provided that the policy to be issued by the Provident Association should be dated November 1, 1907. On the first appeal no such facts appeared and all parties assumed that the policy of the Provident Association bore the same date as the application, and this court assumed such to be the fact. Counsel for appellant now contend that because the policy of the Provident Association was, in fact, dated November 1, 1907, and because this court by using the language, "By so doing the period of incontestability would run *from the date of the policy of the Provident Life Insurance Company, which will be considered of same date as the application,*" the court should have overruled the demurrer to said plea. Presumably the original policy of the Provident Association was surrendered to appellant when appellant issued its policy, and that appellant was fully conversant with the fact that the Provident Association policy was dated November 1, 1907. It could have at least easily ascertained that fact, and its excuse averred in the plea for not presenting such fact in the first suit is that it was mislead by the statements of opposing counsel and for that reason the doctrine of *res adjudicata* should not be applied. We know of no rule of law which holds that a litigant can avoid the doctrine of *res adjudicata* by pleading his own negligence in failing to discover facts which are practically wholly within his own means of ascertainment.

But the merits of the case could not be affected thereby in any event. Appellant's policy does not make the other *policy* a part thereof, nor does it refer to it in any way. Appellant's policy makes the *application* to the Provident Association a part of its policy, therefore said application and appellant's policy complete the contract between the appellant and the in-

sured and they must be considered together. *Treat v. Merchants' Life Ass'n*, 198 Ill. 431. The application dated September 9, 1907, provided that self-destruction within two years from the date thereof was a risk not assumed by the Association. The policy issued by appellant dated March 17, 1909, provided that if within two years from the date thereof death should result from self-destruction, the Company would repay the premiums with five per cent. interest, but should not otherwise be liable. These provisions are inconsistent and the date of incontestability in case of suicide is rendered uncertain, and, as we held in our former opinion, the contract must receive that construction which is most favorable to the insured. The suicide was not committed within two years from the date of the application, and the liability of appellant cannot be avoided on the ground that it was committed within two years from the date of its policy.

The court did not err in sustaining the demurrer to the plea and the judgment will be affirmed.

*Affirmed.*